IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF LOUISIANA; J. THOMAS SCHEDLER, Louisiana Secretary of State; LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS; BRUCE D. GREENSTEIN, Secretary of the Louisiana Department of Health and Hospitals; LOUISIANA DEPARTMENT OF CHILDREN AND FAMILY SERVICES; and RUTH JOHNSON, Secretary of the Louisiana Department of Children and Family Services,<br><br>Defendants. | CIVIL ACTION NO. |

## COMPLAINT

The United States of America alleges:

1.  The Attorney General of the United States brings this action for declaratory and injunctive relief pursuant to the National Voter Registration Act of 1993 (NVRA), 42 U.S.C. §§ 1973gg to 1973gg-10, and 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 2201, and 42 U.S.C. § 1973gg-9.

3.  Venue is proper in this district pursuant to 28 U.S.C. §§ 98, 1391(b).

Case 3:11-cv-00470-JJB-RLB   Document 1   07/12/11   Page 1 of 10

## PARTIES

4.  The NVRA authorizes the Attorney General of the United States to bring civil actions on behalf of the Plaintiff United States of America in an appropriate district court for such declaratory or injunctive relief as is necessary to carry out the NVRA.  42 U.S.C. § 1973gg-9(a).

5.  Defendant Louisiana is one of the states of the United States of America and is subject to the requirements of the NVRA.  42 U.S.C. §§ 1973gg-1(4), 1973gg-2(a), 1973gg-5.

6.  Defendant Louisiana Secretary of State J. Thomas Schedler is sued in his official capacity as the chief state election official responsible for coordinating Louisiana's responsibilities under the NVRA.  *See* 42 U.S.C. § 1973gg-8; La. Rev. Stat. §§18:18, 36:741.

7.  Defendant Louisiana Department of Health and Hospitals ("DHH") is the state body responsible for administering a variety of public assistance and disability services programs in Louisiana, including but not limited to Medicaid; the Women, Infants, and Children ("WIC") program; the Louisiana Commission for the Deaf; the Traumatic Head and Spinal Cord Injury Trust Fund; the state children's health insurance program; and the state's mental health, behavioral health, developmental disabilities, geriatric disabilities, and addictive disorders programs.  *See* La. Rev. Stat. §§ 36:251(B), 36:258(B); 36:259(S).

8.  Defendant Bruce D. Greenstein is the Secretary of DHH and is sued in his official capacity.

9.  Defendant Louisiana Department of Children and Family Services ("DCFS") is the state body responsible for administering a variety of public assistance services programs in Louisiana, including but not limited to the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the food stamp program, La. Rev. Stat. § 36:477; the Temporary Assistance to Needy Families ("TANF") Program, formerly known as the Aid to Families With Dependent Children

Case 3:11-cv-00470-JJB-RLB   Document 1   07/12/11   Page 2 of 10

program and currently known in Louisiana as the Family Independence Temporary Assistance Program ("FITAP"), La. Rev. Stat. § 46:231.2; and the Kinship Care Subsidy Program ("KCSP"), La. Rev. Stat. § 46:237.

10. Defendant Ruth Johnson is the Secretary of DCFS and is sued in her official capacity.

## CAUSE OF ACTION

11. Section 7 of the NVRA requires the State of Louisiana to designate as voter registration agencies "all offices in the State that provide public assistance," as well as "all offices in the State that provide State-funded programs primarily engaged in providing services to persons with disabilities." 42 U.S.C. § 1973gg-5(a).

12. The Louisiana DHH and DCFS provide and administer public assistance and/or State-funded programs primarily engaged in serving persons with disabilities and, therefore, are "voter registration agencies" within the meaning of Section 7 of the NVRA.

13. Defendants, their agents, and other state and local agencies not specifically named in this Complaint likewise provide and administer public assistance programs and/or State-funded programs primarily engaged in serving persons with disabilities and are therefore "voter registration agencies" within the meaning of Section 7 of the NVRA.

14. With each application for public assistance or State-funded disability services, and with each recertification, renewal, or change of address request relating to such services, each office of a voter registration agency must (1) distribute a voter registration form to the applicant or client, unless the applicant or client, in writing, declines to register to vote; (2) provide the applicant or client with a declaration/preference form that specifically asks whether the person would like to register to vote if the person is not already registered where he or she lives; informs the person that the decision whether or not to register will not affect the amount of assistance

Case 3:11-cv-00470-JJB-RLB   Document 1   07/12/11   Page 3 of 10

provided by the agency; and offers assistance with completing the voter registration form; (3) provide each applicant or client with the same degree of assistance in completing the voter registration application forms as the office provides for the completion of its own forms, unless the applicant refuses such assistance; and (4) accept and transmit completed voter registration forms to the appropriate election official, in accordance with procedures set forth in Sections 7(a)(4), 7(a)(5), 7(a)(6), and 7(d) of the NVRA, 42 U.S.C. §§ 1973gg-5(a)(4), (5), & (6) and 1973gg-5(d).

15. Defendants and their agents have failed to provide voter registration opportunities as required by Section 7 of the NVRA by, *inter alia*:

  a. Failing to identify and designate as voter registration agencies (1) all offices in the State that provide public assistance; and (2) all offices in the State that provide State-funded programs primarily engaged in providing services to persons with disabilities. Defendants' unlawful failure to designate all required offices as voter registration agencies includes but is not limited to their failure to designate DHH's Office of Aging and Adult Services as a voter registration agency.

  b. Failing to provide their clients with a declaration/preference form that contains the information required by Section 7(a)(6)(B) of the NVRA with each application, recertification, renewal, or change of address form for benefits and services;

  c. Failing to maintain at each office of a voter registration agency sufficient supplies of voter registration applications that comply with the NVRA, and the Help America Vote Act of 2002, 42 U.S.C. § 15301, and to distribute such voter registration applications with each application, recertification, renewal, or change

Case 3:11-cv-00470-JJB-RLB   Document 1   07/12/11   Page 4 of 10

of address form for public assistance and disability services, as required by Section 7 of the NVRA.

d. Failing to accept and transmit completed voter registration applications to the appropriate election official; and

e. Failing to supervise, train, and monitor their employees, agents, and representatives to ensure that they provide, assist with, process, collect, and transmit voter registration applications in compliance with Section 7 of the NVRA.

16. Defendants' violations of Section 7 of the NVRA are evidenced by the fact that Louisiana has received very few voter registration applications from its public assistance and disability services offices despite the significant percentage of its population receiving such services.

17. According to data that Louisiana provided to the Election Assistance Commission ("EAC"), in 2001-2002, Louisiana received 10,522 voter registration applications from public assistance offices, or 3.3% of total applications received during that time period; in 2003-2004, that number fell to 7,391, or 1.5% of total applications received; in 2005-2006, Louisiana received 12,278 applications from public assistance offices, or 4.0% of total applications received; from 2007-2008, the number of voter registration applications fell to 8,688 applications, or 1.2% of total applications received. During the most recent period reported to the EAC, 2009-2010, Louisiana's voter registration numbers from public assistance offices were at a ten-year low by both percentage and number of applicants. Louisiana received only 6,037 voter registration applications from public assistance offices, representing 1.1% of all voter registration applications received from 2009-2010.

18. The trend is similar for voter registration applications received from disability services offices. In 2001-2002, Louisiana received 1,785 voter registration applications from disability services offices, or 0.6% of all applications received; in 2003-2004, that number fell to 1,353 applications, or 0.3% of all applications received; in 2005-2006, Louisiana received 1,908 applications from disability services offices, or 0.6% of total applications received; in 2007-2008, that number fell to 1,762 applications, or .02% of all applications received. Here again, in the most recent period reported, the total number of applications received from disability services offices fell again, to 1,214, or 0.2% of all applications.

19. The low number of voter registration applications from Louisiana's public assistance and disability services offices stands in sharp contrast to the number of Louisianans receiving such services.

20. According to documents provided by Defendants to the United States, Louisiana had 1,171,028 citizens enrolled in Medicaid programs at the end of January 2011, or 25.8% of its total citizen population, according to 2010 Census data. From January 2007 to January 2011, DHH received 1,455,195 total Medicaid applications and processed 1,588,873 Medicaid renewals. From the time that DHH first began capturing data on changes of address in 2008, DHH has recorded 64,527 changes of address for Medicaid recipients.

21. According to additional documents provided by Defendants to the United States, from January 2007 to February 2011, DCFS received 1,327,130 new applications for its Supplemental Nutrition Assistance Program (commonly known as food stamps or SNAP). During this same period, DCFS made 1,143,317 redeterminations for SNAP eligibility.

22. Notwithstanding the fact that Louisiana has processed more than 3.1 million Medicaid applications, renewals, and address changes from January 2007 to January 2011, as well as more

than 2.4 million applications and eligibility redeterminations for SNAP during essentially the same period, Louisiana's public assistance agencies submitted only 14,725 voter registration applications beginning in October 2006 through October 2010. This severe disparity is probative of Louisiana's unlawful failure to offer the voter registration opportunities required by the NVRA.

23. Further evidence of Defendants' violation of Section 7 of the NVRA includes but is not limited to the facts that, at times relevant to this Complaint:

a. Most Medicaid Program application forms have been non-compliant with the requirements of Section 7 of the NVRA because no information regarding voter registration was included as part of the application packet;

b. Many Medicaid Program offices had neither the forms nor the procedures in place to offer voter registration during the required application, renewal, and change of address processes;

c. Staff in regional offices of the DHH-administered Louisiana Commission for the Deaf and DHH's Office for Citizens with Developmental Disabilities did not regularly offer voter registration to applicants;

d. DCFS offices across Louisiana have failed to comply with Section 7 because they did not regularly offer eligible clients the opportunity to register to vote with every application, recertification, and renewal and change of address;

e. Many public assistance and disability services offices in Louisiana have utilized voter registration forms issued prior to when Louisiana modified its voter registration forms to comply with the requirements for mail registration forms under the Help America Vote Act of 2002, 42 U.S.C. § 15483(b)(4). Louisiana has

revised its mail voter registration form numerous times since enactment of HAVA, with the most recent revision being in January 2011. These offices' distribution of out-of-date and legally noncompliant forms indicates that they failed to regularly distribute voter registration forms in accordance with Section 7 of the NVRA;

    f.   Disability services offices at a number of Louisiana colleges and universities have failed to offer the voter registration opportunities required by Section 7 of the NVRA to the students that they serve, due in part to a failure to coordinate state NVRA responsibilities by the Louisiana Secretary of State.

24. Defendants' failure to provide eligible public assistance and disability services clients with the opportunity to register to vote in the manner specified by Section 7 of the NVRA violates the NVRA.

25. Unless and until ordered to do so by this Court, Defendants will not offer all eligible public assistance and disability services applicants and clients the opportunity to register to vote as required by Section 7 of the NVRA.

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that the Defendants have failed to ensure implementation of Section 7 of the NVRA;

2. Enjoins the Defendants, their agents and successors in office, and all persons acting in concert with them, from future non-compliance with the requirements of Section 7 of the NVRA; and

3. Requires Defendants, their agents and successors in office, and all persons acting in concert with them, to:

a. Take all steps necessary—including adopting appropriate administrative policies or rules—to offer the voter registration opportunities in the manner specified by Section 7 of the NVRA;

b. Effectively publicize these voter registration opportunities to all eligible public assistance and disability services clients;

c. Within 30 days from the date of the Court's order, provide the Court with (1) a remedial plan or program—including appropriate reporting and monitoring requirements—designed to ensure that all eligible persons who apply for public assistance and/or disability services in Louisiana are offered the opportunity to register to vote as required by Section 7 of the NVRA, and (2) a plan for effectively publicizing the State's remedial plan or program;

d. Offer voter registration opportunities to all clients who applied for public assistance or disability benefits or services at covered offices in the four years prior to the date of any final order of this Court but who did not receive voter registration opportunities as required by the NVRA; and

e. Take all steps necessary to ensure immediate and ongoing compliance with Section 7 of the NVRA.

The United States further requests that this Court order any additional relief required by the interests of justice.

Date: July 12, 2011

DONALD J. CAZAYOUX, JR.
United States Attorney
Middle District of Louisiana

**s/ John J. Gaupp**
JOHN J. GAUPP, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone:    (225) 389-0443
Fax:              (225) 389-0685
E-mail:         john.gaupp@usdoj.gov

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

**s/ Bradley E. Heard**
T. CHRISTIAN HERREN, JR.
MEREDITH BELL-PLATTS
BRADLEY E. HEARD, Trial Attorney
ANNA M. BALDWIN
JUSTIN WEINSTEIN-TULL
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone:    (202) 305-4196
Facsimile:    (202) 307-3961
E-mail:         Bradley.Heard@usdoj.gov

Case 3:11-cv-00470-JJB-RLB   Document 1   07/12/11   Page 10 of 10