| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　*Plaintiff,*<br><br>v.<br><br>STATE OF LOUISIANA, *et al.,*<br>　　*Defendants.* | CIVIL ACTION NO.<br>3:11-CV-00470-JJB-DLD |

## UNITED STATES' REPORT OF THE PARTIES' SUPPLEMENTAL RULE 26(F) PLANNING MEETING

Pursuant to this Court's Order of October 21, 2011 [Doc. 39], the parties participated in a supplemental Rule 26(f) conference, via video conference, for purposes of (1) preparing a joint motion and proposed protective order governing confidential documents and information; (2) planning for the preservation and discovery of electronically stored information ("ESI") and proposing a joint ESI discovery plan; and (3) planning for and proposing a joint discovery plan governing the first four to six months of discovery in this case. The following persons participated in the conference:

**FOR THE UNITED STATES**:

　　**Counsel**: Bradley E. Heard, Anna M. Baldwin, Justin Weinstein-Tull, Meredith Bell-Platts, John J. Gaupp

　　**Additional Participants**: Shayna Thompson, Justin Fields-Gray, Jeff Hylton, Jay Kim

**FOR DEFENDANT STATE OF LOUISIANA**:

　　**Counsel**: William P. Bryan, III

　　**Additional Participants**: None

**FOR DEFENDANT LOUISIANA SECRETARY OF STATE J. THOMAS SCHEDLER**:

　　**Counsel**: Celia R. Cangelosi, Carey T. Jones

  **Additional Participants**: Chrissie Weatherford

**FOR DEFENDANTS LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS AND BRUCE GREENSTEIN:**

  **Counsel**: Douglas Cade, David McCay

  **Additional Participants**: Juanita Alexander, Randall L. Lemoine, Joseph W. Fontenot, Brad Coney, Lee Mendoza, Joe Pitzer, David Starnes

**FOR DEFENDANTS LOUISIANA DEPARTMENT OF CHILDREN AND FAMILY SERVICES AND RUTH JOHNSON:**

  **Counsel**: Amy Colby, Celia Alexander, Eboni Townsend

  **Additional Participants**: Kenneth W. Chandler, Terri Eckles, Steve Baudoin, Kevin Bourgeois, Chandra Kandula

**Protective Order Governing Confidential Information**

  The parties were unable to agree upon a joint proposed protective order that would govern confidential information produced and/or exchanged in this case. Defendants stated that they were opposed to the disclosure of any confidential information relating to voter registrants and applicants and clients of public assistance and disability services agencies, and that they were unable to consent to the terms of any protective order that would allow such disclosure in the context of discovery. Accordingly, as previously ordered by this Court, the United States will file its motion for entry of a protective order by November 15, 2011.

**Plan and Proposed Order Regarding Electronically Stored Information**

  The parties were unable to agree completely upon a joint plan and proposed order regarding ESI discovery. The United States' proposed ESI discovery plan, as reflected in the proposed stipulation and order circulated to Defendants on November 10, 2011, is attached as **Attachment 1** to this Report. Defendants did not offer any comments on the United States'

proposed ESI order, and they declined the United States' invitation to participate in a conference call on November 14, 2011, to discuss the proposed plan and order.

On November 14, 2011, Defendants Schedler, DHH, and Greenstein circulated proposed ESI discovery plans (attached as **Attachments 2 and 3** to this Report) which incorporate significant portions of the United States' proposed plan, albeit with significant omissions and differences.[1] For example, Defendants' proposed ESI plans fail to acknowledge their common-law and statutory obligations with respect to the preservation of all relevant and potentially relevant information (including ESI) for litigation purposes. Based on its conversations with Defendants during the supplemental Rule 26(f) conference, the United States has serious concerns regarding Defendants' spoliation of evidence in this case. The United States' concerns are based, in part, on Defendant DHH's statements that it does not have in place, and has no intention of instituting, a litigation hold. Without waiving its rights to pursue appropriate discovery sanctions against Defendants for any spoliation that has already occurred, the United States' proposed ESI plan seeks to prevent or minimize the possibility of further spoliation of evidence by Defendants by clearly defining their preservation obligations, including their obligations to preserve historical data relating to NVRA Section 7 transactions that may otherwise be regularly overwritten and lost from their client databases.

Defendants' proposed ESI plans also do not provide a reasonable means by which to keep track of the information produced by the respective parties in this complex, multi-party litigation, or to ensure that the information can be used and accessed by the United States. For example, Defendants' proposed plans call for the production of information in native format. However, based on the United States' discussions with Defendants during the supplemental Rule 26(f) conference, it is clear that a significant amount of Defendants' ESI is maintained in various

---

[1] Defendants DCFS, Johnson, and State of Louisiana did not circulate any proposed ESI plans.

proprietary computer databases. Production of native data from those databases would be of little use to the United States in this litigation. Similarly, Defendants have indicated that some of their agencies and programs use older software programs (e.g., Groupwise and FileMaker Pro) from which native data may not be readily usable within the information technology platforms at the Civil Rights Division of the Department of Justice. Finally, paper documents and documents in native format—regardless of the program—do not readily allow for Bates numbering. Given the number of parties and agencies, and the likelihood of large-scale productions in this case, it is impractical not to provide for uniform production methods (such as the conversion of most non-database files to searchable TIFF images that can be electronically Bates labeled) and a uniform method of Bates numbering. The United States' proposed ESI plan provides this clarity, while Defendants' proposed plans do not.

Unlike the United States' proposed ESI plan, Defendants' proposed ESI plans do not allow for the exclusion of certain ESI, such as voicemails, SMS text messages, cache logs, cookie files, cell phone logs, etc., that are not easily accessible and not easily preservable by any of the parties. This case does not turn on the preservation of such tangential information, which is highly unlikely to lead to the production of relevant evidence from either party. Imposing such an onerous preservation obligation on government entities such as those in this case would serve no useful purpose and would needlessly increase the costs of litigation.

Finally, Defendants' proposed ESI plans unreasonably seek to shift the cost of discovery to the United States. All parties in civil litigation bear an obligation to participate and cooperate in discovery. That the United States bears the burden of proof of its claim does not mean it should bear the costs of Defendants' litigation. All government entities, including the United States, have financial constraints that make litigation difficult. Indeed, the cost of litigation leads

Page 4 of 9

Case 3:11-cv-00470-JJB-RLB   Document 44   11/15/11   Page 4 of 9

many litigants to pursue reasonable and economical means of resolving cases without the necessity of protracted litigation. Here, the Defendants have denied all liability and rejected all attempts at resolving these issues without litigation. Defendants have articulated no justification for shifting the ordinary American rule whereby each party bears its own litigation costs. Accordingly, the Court should require all parties to bear their own discovery costs—including costs associated with producing ESI in a reasonably usable format.

The United States' proposed ESI discovery plan is reasonable and, indeed, is quite similar to the ESI discovery plan in place in another pending civil action in this district wherein the United States and a Louisiana state agency are parties. *See United States v. Louisiana Generating, LLC,* No. 3:09-CV-100-RET-CN (Amended Stipulation Regarding Preservation, Review and Production of Certain Electronically Stored Information and Privileged Materials [Doc. 66], M.D. La. Mar. 5, 2010). The United States' proposed plan in this case includes additional information to clarify Defendants' preservation obligations with respect to NVRA Section 7 transactional information, and also provides a framework relating to expert discovery, since experts may be reviewing much of the ESI produced this case. Accordingly, the United States respectfully requests that the Court enter the proposed ESI discovery order attached as **Attachment 4,** which is consistent with the United States' proposed plan previously circulated to Defendants on November 10.

### Phase 1 Discovery Plan (November 25, 2011 to May 25, 2012)

The parties were unable to agree upon a joint discovery plan for the first phase of discovery, covering the first 4-6 months. The United States circulated its proposed Phase 1 Discovery Plan to Defendants on October 27, 2011, and discussed it with Defendants during the scheduling conference on November 7, 2011. The plan was in the form of a proposed scheduling

order covering the first six months of discovery. A copy of the United States' proposed Phase I discovery plan and scheduling order is attached as **Attachment 5** to this Report.

The United States proposes that the parties begin conducting general fact discovery, including ESI discovery, during Phase 1. Expert witness discovery and the filing of dispositive motions would be prohibited during this phase. Consistent with the parties' discussions with the Court during the scheduling conference on October 20, the United States proposed certain increased limits on depositions, interrogatories, and requests for admissions, as well as a deadline for amending and supplementing the pleadings in the case. The plan proposes a mandatory settlement conference at the conclusion of this phase. To the extent the case is not fully resolved, the plan requires the parties to meet and confer again, in the nature of Rule 26(f), to plan for the next phase of discovery in the case and to discuss: any additional fact discovery that may be necessary; a schedule for any expert witness discovery; a schedule for filing, responding to, and replying to dispositive motions; and a proposed nonjury trial plan. Finally, the plan proposes a procedure for resolving discovery disputes prior to filing a motion to compel or for protective order, whereby the parties would need to contact the assigned magistrate judge to set a status conference during which the parties could discuss and hopefully resolve any discovery issue without the need for extensive briefing.

The proposed Phase 1 discovery plans circulated by Defendants Schedler, DHH, and Greenstein on November 14 (attached as **Exhibits 6 and 7** to this Report) cover an eight-month period (November 25, 2011 to August 31, 2012), instead of the four-to-six-month period that the Court requested the parties to propose. They seek to alter the normal sequencing of discovery by prohibiting the taking of all depositions for the first eight months of the case, while at the same time restricting the written discovery limitations in this statewide case to the limits provided by

the Federal Rules of Civil Procedure.  Finally, Defendants' proposed discovery plans would also impose a limit on the scope of discovery such that the parties would only be able to conduct discovery regarding "applications made in person at offices designated under [Section 7 of the NVRA]."

The United States cannot agree to Defendants' proposed discovery plans, because they unduly impair the United States' ability to conduct reasonable discovery in this case. Defendants' prohibition of all depositions for eight months is both unwise and impractical. Depositions can, and often do, help to narrow the scope of discovery by clarifying the issues. Similarly, Defendants' proposed restriction on the scope of discovery is unreasonable, given the claims and defenses at issue in this case.  It is the United States' position that designated voter registration agencies are obligated under Section 7(a)(6) of the NVRA to offer voter registration to "each" agency client who applies or recertifies for, or changes his or her address with respect to, public assistance or disability services, regardless of the manner in which the agency client chooses to do so.  While Defendants may seek to have the precise scope of their obligation under Section 7(a)(6) of the NVRA judicially determined in this case, the United States is nevertheless entitled to engage in discovery as to all transactions that are potentially within the scope of Section 7 of the NVRA, inasmuch as such discovery is relevant to the United States' claims and the Defendants' possible defenses and reasonably calculated to lead to the discovery of admissible evidence, within the meaning of Fed. R. Civ. P. 26(b).

For these reasons, the United States respectfully urges the Court to enter a scheduling order for Phase 1 that is consistent with the United States proposed plan as provided in **Attachment 5.**

## Conclusion

Accordingly, the United States respectfully requests that the Court enter the proposed ESI discovery order in **Attachment 4** and the proposed scheduling order for Phase 1 in **Attachment 5.**

Respectfully submitted this 15th day of November, 2011.

| | |
|---|---|
| Donald J. Cazayoux, Jr.<br>United States Attorney<br>Middle District of Louisiana | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division |
| **s/ John J. Gaupp**<br>JOHN J. GAUPP, LBN 14976<br>Assistant United States Attorney<br>777 Florida Street, Suite 208<br>Baton Rouge, Louisiana 70801<br>Telephone:   (225) 389-0443<br>Fax:            (225) 389-0685<br>E-mail:        john.gaupp@usdoj.gov | **s/ Bradley E. Heard**<br>T. Christian Herren, Jr.<br>Meredith Bell-Platts<br>Bradley E. Heard, Trial Attorney<br>Anna M. Baldwin<br>Justin Weinstein-Tull<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone:    (202) 305-4196<br>Facsimile:     (202) 307-3961<br>E-mail: Bradley.Heard@usdoj.gov |

# CERTIFICATE OF SERVICE

This will certify that I have this day caused the within and foregoing **United States' Report of the Parties' Supplemental Rule 26(f) Planning Meeting** to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notice and a copy of the foregoing filing to all counsel of record by operation of the court's electronic filing system.

This 15th day of November, 2011.

<pre>
                                        s/ Bradley E. Heard
                                        BRADLEY E. HEARD (Trial Attorney)
                                        Civil Rights Division
                                        U.S. Department of Justice
                                        Voting Section - NWB
                                        950 Pennsylvania Avenue, N.W.
                                        Washington, D.C. 20530
                                        Telephone:   (202) 305-4196
                                        Facsimile:   (202) 307-3961
                                        E-mail:      Bradley.Heard@usdoj.gov
</pre>