UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                             CIVIL ACTION NO. 11-470-JJB

STATE OF LOUISIANA, ET AL.

### RULING AND ORDER ON MOTION TO DISMISS

Before the Court is a motion to dismiss (Doc. 29) filed by defendants, the Louisiana Department of Health and Hospitals ("DHH"), DHH Secretary Bruce Greenstein, the Louisiana Department of Children and Family Services ("DCFS"), and DCFS Secretary Ruth Johnson (collectively, "defendants"),[1] in response to a complaint by plaintiff, the United States of America, seeking declaratory and injunctive relief based on defendants' alleged failure to comply with the National Voter Registration Act of 1993 ("NVRA"). The United States filed a response (Doc. 36). Oral argument is unnecessary. Jurisdiction exists under 28 U.S.C. § 1331.

### I. Factual and Procedural Background

Congress enacted the NVRA, 42 U.S.C. § 1973gg *et seq.*, in order to "increase the number of eligible citizens who register to vote in elections for Federal office." 42 U.S.C. § 1973gg(b)(1). Among its many provisions, the NVRA requires state public assistance officers to distribute voter registration forms, assist applicants in completing their voter registration forms unless such assistance is refused, and transmit completed forms to the appropriate state election official. 42 U.S.C. § 1973gg-5(a). States are required to designate an officer or employee as the chief election official to be responsible for coordinating the State responsibilities mandated by

---

[1] The other defendants who did not join in this motion are the State of Louisiana and Secretary of State Tom Schedler. They filed respective answers denying the allegations. (*See* Docs. 27, 35).

1

NVRA. 42 U.S.C. § 1973gg-8. The Attorney General of the United States is empowered by the Act to bring enforcement actions in federal district court. 42 U.S.C. § 1973gg-9(a).

On July 12, 2011, the United States filed a complaint in this Court, asserting the defendants failed to comply with certain provisions of NVRA by failing to provide voter registration opportunities and assistance to eligible applicants for and recipients of public assistance and disability services, as required by NVRA. The United States noted (and defendants concede) that as public bodies administering public assistance, DHH and DCFS qualify as "voter registration agencies" under the Act.[2] Because of allegedly severe statistical disparities between the number of recipients of public assistance administered by these agencies and the number of those recipients who submitted voter registration applications through the agencies, the United States seeks a declaration that the defendants are in violation of NVRA and injunctive relief to ensure ongoing compliance with NVRA.

## II. Standard of Review

Pursuant to Fed. Rule Civ. P. 12(b)(6), on a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded, non-conclusory facts in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

---

[2] DHH and DCFS are both agencies created by the State of Louisiana and both administer a variety of public assistance programs, while DHH also administers disability service programs. Among the programs run by DHH are Medicaid, the State Children's Health Insurance Program ("SCHIP"), the Louisiana Commission for the Deaf, the Traumatic Head and Spinal Cord Injury Trust Fund, and many others. (Complaint, Doc. 1, ¶ 7). DCFS also runs numerous programs, including the food stamp program, now formally known as the Supplemental Nutrition Assistance Program ("SNAP"). (Complaint, Doc. 1, ¶ 9).

A complaint that pleads facts merely consistent with a defendant's liability "stops short of the line between possibility and plausibility." *Id.* at 557. When well-pleaded factual allegations populate the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. Courts may consider not only the complaint itself, but also documents attached to the complaint or documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). The facts in the complaint are viewed collectively, not scrutinized in strict isolation. *Id.*

### III. Law and Discussion

At the outset, the Court notes that defendants, while not explicitly raising subject matter jurisdiction *per se*, assert this action cannot be maintained because "it seeks to employ an action for declaratory judgment for an improper purpose" and "presents a claim for declaratory judgment which is not justiciable." (Memo. in Supp., Doc. 29-1, p. 1). Reviewing the law cited by defendants in making these arguments, their analysis is couched almost exclusively in terms of the discretion given to district courts pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and its interpreting case law. Viewed in that light, the Court does not think defendants have challenged subject matter jurisdiction directly. This is therefore not a situation which implicates a motion to dismiss for lack of subject matter jurisdiction under Fed. Rule Civ. P. 12(b)(1); instead, the analysis is governed by the traditional balancing test for deciding declaratory actions.

When determining whether to dismiss a declaratory judgment action, district courts must affirmatively answer three questions: (1) whether the action is justiciable; (2) whether the court has authority to grant declaratory relief; and (3) whether to exercise its discretion to decide rather

3

than dismiss the action. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003). While the parties agree that 42 U.S.C. § 1973gg-9(a) expressly authorizes the relief sought here, thus satisfying the second factor, defendants dispute the first and third questions.

A. Is This Matter Justiciable?

Defendants argue that the complaint only addresses itself to past conduct, and thus they conclude the matter is non-justiciable[3] because it addresses neither present harm nor the possibility of future harm. As evidence, defendants point to the use of the present perfect tense throughout the complaint as evidence that plaintiff seeks to litigate only past conduct, citing Webster's II New College Dictionary 874 (1995).

The United States points out that the present perfect "denotes an act, state, or condition that is now completed *or continues up to the present*." (Chicago Manual of Style, ¶ 5.126 (16th ed. 2010), *available at* http://www.chicagomanualofstyle.org/16/ch05/ch05_sec126.html). Construing the complaint in favor of the plaintiff renders this question purely academic, and the Court finds the complaint sufficiently alleges conduct that creates a justiciable "case or controversy." But even putting aside this grammarian dispute, the key allegations of the complaint indicate continuous violation by the State. (Complaint, Doc. 1, ¶ 15 (using the word "failing" to describe five discrete instances of NVRA violations)). The State's argument that the allegations only concern past conduct is therefore meritless.

B. Should the Court Exercise its Discretion and Decline to Entertain This Suit?

As for the third question described in *Sherwin-Williams*, the United States disputes whether discretion in fact exists in this case. "Under the Declaratory Judgment Act, a district court has a measure of discretion in deciding whether to entertain the action." *St. Paul Ins. Co.*

---

[3] In another part of the motion to dismiss, defendants assert the same "past conduct" argument for the proposition that this declaratory action is being inappropriately used for an improper purpose.

4

*v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994). The United States first contends that by coupling its requested declaratory relief with a request for injunctive relief, the Court loses its discretion to decline to decide the case. Second, it argues that the provision which expressly gives the Attorney General authority to bring an action "as is necessary" to enforce the NVRA thereby mandates the Court to hear a case brought by the United States under the NVRA.

The Court is intrigued by this apparently novel argument (since the United States cites no law for this proposition aside from the statute itself), but declines to address the issue. Even assuming the United States is incorrect and the Court retains discretion to decline to hear this case under the Declaratory Judgment Act, the Court finds it is entirely proper to hear this case. Under the Declaratory Judgment Act, the Fifth Circuit has identified seven nonexclusive factors—often called "the *Trejo* factors"—a district court should consider in determining whether to dismiss an action brought under the Act:

> (1) Whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) Whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) Whether the federal court is a convenient forum for the parties and witnesses;
> (6) Whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 (5th Cir. 2003) (citing *Trejo*, 39 F.3d at 590-91).

The State only identifies the sixth *Trejo* factor, judicial economy, as a basis for not hearing this suit. The State argues this suit would largely duplicate the ongoing proceedings of a similar suit filed in a sister court, *Ferrand v. Schedler*, Civ. No. 11-926, Section "I" (E.D. La.)

5

(Africk, J.). The Court dealt with a similar argument in defendants' motions to transfer the case (Docs. 23, 26), and the Court has already ruled that important distinctions in this case did not favor transfer (Doc. 37). For the same reasons, the Court finds that the State's asserted judicial economy concerns unwarranted. The *Ferrand* litigation does not deal with allegations of failing to offer voter registration services to disability service applicants and clients; it only deals with alleged failures to offer voter registration services to public assistance applicants and clients. Because there is sufficient dissimilarity between the cases, judicial economy would not necessarily be served by declining to hear this case.

As for the other *Trejo* factors: the first and seventh factors are not implicated since no state court litigation is involved; this is an enforcement action, and therefore the second factor is not implicated; forum shopping in the pejorative sense is not likely since the officials and agencies made defendants here officially reside in this district, so the third factor favors plaintiff; questions regarding precedence in time are not implicated here, and this is not a case where a plaintiff gained a forum change, making the fourth factor irrelevant; and the court is a convenient forum for parties and witnesses since all the defendants operate in this district, meaning the fifth factor favors plaintiffs.

In short, there is no reason for the Court to exercise its discretion in order to decline to hear this suit. The *Trejo* factors are either irrelevant to this case or point in favor of retaining the suit.

    C. <u>Should the Court Dismiss the "Failure to Designate" Claim Against Defendants DHH, Greenstein, DCFS and Johnson Because the Statute Does Not Impose a Duty to Designate Upon Them?</u>

Case 3:11-cv-00470-JJB -DLD   Document 53   12/01/11   Page 6 of 11

Defendants also moved to dismiss the allegations in ¶ 15(a) of the Complaint because they argue the statute does not reach them as non-sovereign actors. The statute imposing a duty to designate reads as follows:

> (1) *Each State shall designate agencies* for the registration of voters in elections for Federal office.
> (2) *Each State shall designate as voter registration agencies--*
>    (A) *all offices in the State that provide public assistance*; and
>    (B) *all offices in the State that provide State-funded programs primarily engaged in providing services to persons with disabilities.*
> (3)(A) In addition to voter registration agencies designated under paragraph (2), *each State shall designate other offices within the State* as voter registration agencies.
>    (B) Voter registration agencies designated under subparagraph (A) may include—
>       (i) State or local government offices such as public libraries, public schools, offices of city and county clerks (including marriage license bureaus), fishing and hunting license bureaus, government revenue offices, unemployment compensation offices, and offices not described in paragraph (2)(B) that provide services to persons with disabilities; and
>       (ii) Federal and nongovernmental offices, with the agreement of such offices.

42 U.S.C. § 1973gg-5(a) (emphasis added).

The United States argues persuasively that the Secretary of State must be included in the definition of State as used in the designation statute recited above because the Secretary of State is "responsible for coordination of State responsibilities under [NVRA]." 42 U.S.C. § 1973gg-8. But even the Secretary of State as the "chief State election official" receives that title only through designation by the State. 42 U.S.C. § 1973gg-8 ("Each State shall designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities under this subchapter."); *see also* La. R.S. §§ 18:18(A)(6) (designating Secretary of State as official responsible for NVRA coordination); 36:741 (imbuing State's Department of State with responsibilities formerly entrusted to the commissioner of elections, which previously had been a separate statewide elected office). The United States points to *United States v. New*

*York*, 700 F.Supp.2d 186 (N.D.N.Y. 2010), as authority for its position that "the Secretary of State cannot effectively designate agencies and effectively coordinate his NVRA responsibilities with the involvement of DHH, DCFS, and their respective Secretarties." (Memo. in Support, Doc. 36, p. 18). That statement is true enough, but it fails to appreciate that defendants here cut with a finer knife than their New York colleagues. As the Court appreciates defendants' argument, they seek only to avoid being cast with formal statutory responsibility for selecting and designating specific agencies and offices as voter registration agencies under the Act. They do not seek to avoid an ultimate designation—either by the Secretary of State or by the Court— as a voter registration agency or the responsibilities being designated with that title entails under the substantive provisions of NVRA. (*See* Complaint, Doc. 1, ¶ 15(b)-(e) (detailing the failures to comply with responsibilities NVRA imposes on voter registration agencies)).

In *New York*, the defendants—the State of New York, various appointed state officials, the state board of elections, the state education department and several state universities—were concerned with the designation of certain state community colleges as mandatory voter registration agencies by the district court even though those specific entities were not parties to the litigation. 700 F.Supp.2d at 204-06. The district court there found that formally pleading every specific office or entity was not only impractical but unwarranted by precedent. *Id.* Citing *United States v. New York*, 255 F.Supp.2d 73 (E.D.N.Y. 2003), *Robertson v. Jackson*, 972 F.2d 529 (4th Cir. 1992), and *Harkless v. Brunner*, 545 F.3d 445 (6th Cir. 2008), the Northern District of New York rejected such a requirement and found that if the umbrella state agency was named as a party, then lesser entities subject to its control did not need to be named. *Id.* at 206. That court was not faced with the question presented here—whether pleading the State and its designated election official is sufficient in a "failure to designate" NVRA claim.

The other cases cited in *New York* are not to the contrary. In *Harkless*, an Ohio agency head was sued alongside the Ohio Secretary of State. 545 F.3d 445. The Sixth Circuit held that, regardless of how Ohio's internal law divvied voter registration responsibilities, so long as the Secretary of State was the designated chief election official, that officer was a proper party. *Id.* at 455. The court also held that the director of Job and Family Services, an Ohio state agency, was a proper party because Ohio state law delegated certain voter registration responsibilities to the director's office, regardless of whether the director further delegated those responsibilities to more local offices. *Id.* at 458. The director in that case challenged whether an injunction could issue against him even if he was failing to comply with his federal or state responsibilities to comply with NVRA's voter registration mandates. *Id.* at 448-49.

The other *New York* case, 255 F.Supp.2d 73 (E.D.N.Y. 2003), found only that state agencies which delegated NVRA compliance to local offices were nonetheless responsible for ensuring the local offices complied with NVRA requirements. *Id.* at 78. Likewise, *Robertson v. Jackson*, 972 F.2d 529 (4th Cir. 1992), found only that, in the context of the Food Stamp Act, the state commissioner of social services, not local agencies or officers under his leadership, was a sufficient party to ensure injunctive relief fully protected plaintiffs' rights. 972 F.2d at 533-34.

In short, no district court has faced the narrow, precise question posed here: whether NVRA imposes a duty to designate voter registration agencies on an officer or entity other than the State itself (through its designated chief election official). The Court finds NVRA contains no such requirement. The inquiry here is, to reiterate, very narrow. Reviewing the other allegations made against the defendants—allegations they do not substantively contest in this motion to dismiss—it is clear that defendants are not claiming, as was litigated in the above-cited cases, whether they are in fact responsible to carrying out the mandates of NVRA: providing

9

clients with forms containing information required by NVRA (Complaint, Doc. 1, ¶ 15(b)); maintaining sufficient numbers of voter registration applications and distributing applications with each client interaction (*id.*, ¶ 15(c)); accepting and transmitting completed voter registration applications to election officials (*id.*, ¶ 15(d)); and supervising and training their employees and agents to provide the necessary services described in NVRA (*id.*, ¶ 15(e)).

A plain reading of the statute makes clear that it is the State which must designate agencies and offices which meet NVRA's definition of voter registration agencies. 42 U.S.C. § 1973gg-5(a). Elsewhere, NVRA makes clear that it is the State's chief election official who is ultimately responsible for coordinating the States' NVRA responsibilities. *Id.* § 1973gg-8. Because the State has designated the Secretary of State as its organ for NVRA compliance, it is that official—not Secretaries Greenstein or Johnson, and certainly not DHH and DFCS[4]—who is ultimately responsible for the State's compliance with the designation duties described in § 1973gg-5(a)(1)-(2). In this particular respect, therefore, the State's duty to designate voter registration agencies must lie with, and only with, the State and the Secretary of State. The defendants' motion to dismiss the duty to designate claim is granted.

---

[4] The statute requiring the State to designate the chief election official mandates the State's choice be an "officer or employee," not a department, agency or office. 42 U.S.C. § 1973gg-8.

10

Case 3:11-cv-00470-JJB -DLD   Document 53   12/01/11   Page 10 of 11

## IV. Conclusion; Order

Accordingly, the defendants' motion to dismiss (Doc. 29) is GRANTED in part and DENIED in part.

The claims against defendants Greenstein, Johnson, DHH and DCFS contained in paragraph 15(a) of the complaint (Doc. 1) are hereby DISMISSED.

The remainder of the motion to dismiss is DENIED.

Signed in Baton Rouge, Louisiana, on December 1, 2011.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**