IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>STATE OF LOUISIANA; J. THOMAS SCHEDLER, Louisiana Secretary of State; LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS; BRUCE D. GREENSTEIN, Secretary of the Louisiana Department of Health and Hospitals; LOUISIANA DEPARTMENT OF CHILDREN AND FAMILY SERVICES; and RUTH JOHNSON, Secretary of the Louisiana Department of Children and Family Services,<br><br>*Defendants.* | CIVIL ACTION NO.<br>3:11-CV-00470-JJB-DLD |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, come the Louisiana Department of Health and Hospitals ("DHH") and Bruce D. Greenstein, Secretary of the Louisiana Department of Health and Hospitals, Defendants in the above-captioned matter, who for the sole purpose of answering the plaintiff's Complaint, respectfully represent as follows:

1.

Defendants DHH and Greenstein are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1 of the Complaint.

2.

The allegations of Paragraph 2 of the Complaint are admitted.

1

3.

The allegations of Paragraph 3 of the Complaint are admitted.

4.

The allegations of Paragraph 4 of the Complaint are admitted.

5.

The allegations of Paragraph 5 of the Complaint are admitted.

6.

Defendants DHH and Greenstein are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6.

7.

The allegations of Paragraph 7 of the Complaint are admitted.

8.

The allegations of Paragraph 8 of the Complaint are admitted in part and denied in part. It is admitted that Bruce D. Greenstein is the Secretary of DHH, but it is denied that he is sued in his official capacity.

9.

Defendants DHH and Greenstein are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9.

10.

The allegations of Paragraph 10 of the Complaint are admitted in part and denied in part. It is admitted that Ruth Johnson is the Secretary of DCFS, but it is denied that she is sued in her official capacity.

11.

The allegations of Paragraph 11 of the Complaint are admitted.

12.

The allegations of Paragraph 12 of the Complaint are admitted.

13.

Defendants DHH and Greenstein are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13.

14.

The allegations of Paragraph 14 of the Complaint are denied.

15.

The allegations of Paragraph 15 of the Complaint are denied.

16.

The allegations of Paragraph 16 of the Complaint are denied.

17.

Defendants DHH and Greenstein are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17 of the Complaint.

18.

Defendants DHH and Greenstein are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 of the Complaint.

19.

Defendants DHH and Greenstein are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19 of the Complaint.

20.

The allegations of Paragraph 20 of the Complaint are admitted.

21.

Defendants DHH and Greenstein are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21 of the Complaint.

22.

The allegations of Paragraph 22 of the Complaint are denied.

23.

The allegations of Paragraph 23 of the Complaint are denied.

24.

The allegations of Paragraph 24 of the Complaint are denied.

25.

The allegations of Paragraph 25 of the Complaint are denied.

**AND NOW FURTHER ANSWERING:**

The defendants herein assert the following affirmative defenses to the Complaint:

First Defense

This Court may not issue a declaratory judgment stating that Defendants DHH and Greenstein have violated Section 7 of the NVRA by failing to provide voter registration services as required by the NVRA at offices that provide public assistance and disability services in Louisiana because the use of a declaratory judgment solely to adjudicate past conduct and/or to proclaim one party liable to another is an inappropriate use of declaratory judgment.

Second Defense

The Complaint fails to state a claim upon which relief may be granted insofar as it is based on the false premise that Section 7 of the NVRA applies to applications for public assistance and disability services which applications are not made in person. DHH's duties under the NVRA are expressly limited to in-person applications for public assistance and disability services.

Third Defense

The Complaint fails to state a claim against Defendant Greenstein regarding events occurring prior to September 13, 2010.

Fourth Defense

The plaintiff's prayer for relief seeks an order enjoining the defendants, their agents and successors in office and all persons working in concert with them from future non-compliance with the requirements of Section 7 of the NVRA. This Court should not issue such an order because it is unnecessary. Section 7 of the NVRA is the law of the land, and as law-abiding citizens, Defendants DHH and Greenstein do not need to be enjoined from violating the law. DHH and Greenstein currently comply with the NVRA and intend to comply with the NVRA in the future.

Fifth Defense

The plaintiff seeks an order from this Court which requires Defendants DHH and Greenstein to provide the Court with (1) a remedial plan or program – including appropriate reporting and monitoring requirements – designed to ensure that all eligible persons who apply for public assistance and/or disability services in Louisiana are offered the opportunity to register

to vote as required by Section 7 of the NVRA, and (2) a plan for effectively publicizing the State's remedial plan or program. This Court should not issue such an order because the National Voter Registration Act does not require any state office which provides public assistance and/or disability services to subject itself to a court-approved plan with reporting and monitoring requirements to ensure ongoing compliance with the requirements of Section 7 of the NVRA nor to publicize that plan.

Sixth Defense

The plaintiff seeks an order from this Court which requires Defendants DHH and Greenstein to offer voter registration opportunities to all clients who applied for public assistance or disability benefits or services at covered offices in the four years prior to the date of any final order of this Court but who did not receive voter registration opportunities as required by the NVRA. This Court should not issue such an order because the NVRA does not require any state office which provides public assistance and/or disability services to identify, locate, and offer voter registration to clients who were not offered such registration in the past.

Seventh Defense

The Complaint fails to state a claim upon which relief may be granted insofar as it is based on the statistical data cited therein because that data does not accurately measure whether or to what extent Defendants DHH and Greenstein have complied with the NVRA.

**WHEREFORE**, the Louisiana Department of Health and Hospitals and Bruce D. Greenstein, Secretary of the Louisiana Department of Health and Hospitals, Defendants herein, pray for the following:

1. That this Answer to the plaintiff's complaint be deemed good and sufficient; and

2. That, after due proceedings, the plaintiff's complaint be dismissed with prejudice with all costs assessed to plaintiff.

Respectfully submitted,

/s Douglas L. Cade
Douglas L. Cade, Bar Roll 22747
Stephen R. Russo, Trial Attorney, Bar Roll 23284
Kimberly L. Humbles, Bar Roll 24465
David L. McCay, Bar Roll 23527
Attorneys for Defendants Louisiana Department of Health and Hospitals and Bruce D. Greenstein
Louisiana Department of Health and Hospitals
Bienville Building
628 N. 4th Street
P.O. Box 3836
Baton Rouge, LA 70821-3836
Telephone: (225)342-1115
Fax: (225)342-3805
douglas.cade@LA.GOV
stephen.russo@LA.GOV
kimberly.humbles@LA.GOV
david.mccay@LA.GOV

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of December, 2011, a true and correct copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

John J. Gaupp
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, LA 70801
john.gaupp@usdoj.gov

T. Christian Herren, Jr.
Meredith Bell-Platts
Bradley E. Heard, Trial Attorney
Anna M. Baldwin
Justin Weinstein-Tull
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Bradley.Heard@usdoj.gov

Amy K. Colby
Celia Alexander
Eboni Townsend
Louisiana Department of Children
and Family Services
627 N. Fourth Street
P.O. Box 1887
Baton Rouge, LA 70821
Amy.Colby@LA.GOV
Celia.Alexander@LA.GOV
Eboni.Townsend@LA.GOV

Celia R. Cangelosi
918 government Street, Suite 101
Baton Rouge, LA 70821
celiacan@bellsouth.net

Carey T. Jones
8115 Vincent Road
P.O. Box 700
Denham Springs, LA 70727
tjones@tomjoneslaw.com

William P. Bryan, III
Assistant Attorney General
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
bryanb@ag.state.la.us

Baton Rouge, Louisiana, this 16th day of December, 2011.

/s/Douglas L. Cade
DOUGLAS L. CADE