UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

STATE OF LOUISIANA; J. THOMAS SCHEDLER, Louisiana Secretary of State; LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS; BRUCE D. GREENSTEIN, Secretary of the Louisiana Department of Health and Hospitals; LOUISIANA DEPARTMENT OF CHILDREN AND FAMILY SERVICES; and RUTH JOHNSON, Secretary of the Louisiana Department of Children and Family Services,

       Defendants.

CIVIL ACTION NO.
3:11-CV-00470-JJB-DLD

## ANSWER

**NOW INTO COURT**, through undersigned counsel, come the Louisiana Department of Children and Family Services ("DCFS") and Ruth Johnson, Secretary of the Louisiana Department Children and Family Services, Defendants in the above-captioned matter, who for the sole purpose of answering the plaintiff's Complaint, respectfully represent as follows:

1.

Defendants DCFS and Johnson are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1 of the Complaint.

2.

The allegations of Paragraph 2 of the Complaint are admitted.

3.

The allegations of Paragraph 3 of the Complaint are admitted.

-1-

4.

The allegations of Paragraph 4 of the Complaint are admitted.

5.

The allegations of Paragraph 5 of the Complaint are admitted.

6.

Defendants DCFS and Johnson are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6.

7.

Defendants DCFS and Johnson are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7.

8.

The allegations of Paragraph 8 of the Complaint are admitted in part and denied in part. It is admitted that Bruce D. Greenstein is the Secretary of DHH, but it is denied that he is sued in his official capacity.

9.

The allegations of Paragraph 9 of the Complaint are admitted.

10.

The allegations of Paragraph 10 of the Complaint are admitted in part and denied in part. It is admitted that Ruth Johnson is the Secretary of DCFS, but it is denied that she is sued in her official capacity.

11.

The allegations of Paragraph 11 of the Complaint are admitted.

12.

The allegations of Paragraph 12 of the Complaint are admitted.

13.

Defendants DCFS and Johnson are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13.

14.

The allegations of Paragraph 14 of the Complaint are denied.

15.

The allegations of Paragraph 15 of the Complaint, parts (a) through (e), are denied.

16.

The allegations of Paragraph 16 of the Complaint are denied.

17.

Defendants DCFS and Johnson are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17 of the Complaint.

18.

Defendants DCFS and Johnson are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 of the Complaint.

19.

Defendants DCFS and Johnson are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19 of the Complaint.

20.

Defendants DCFS and Johnson are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20 of the Complaint.

.

21.

The allegations of Paragraph 21 of the Complaint are admitted.

22.

The allegations of Paragraph 22 of the Complaint are denied.

23.

The allegations of Paragraph 23 of the Complaint, parts (a) through (f), are denied.

24.

The allegations of Paragraph 24 of the Complaint are denied.

25.

The allegations of Paragraph 25 of the Complaint are denied.

**AND NOW FURTHER ANSWERING:**

The defendants herein assert the following affirmative defenses to the Complaint:

FIRST DEFENSE

This Court may not issue a declaratory judgment stating that Defendants DCFS and Johnson have violated Section 7 of the NVRA by failing to provide voter registration services as required by the NVRA at offices that provide public assistance and disability services in Louisiana because the use of a declaratory judgment solely to adjudicate past conduct and/or to proclaim one party liable to another is an inappropriate use of declaratory judgment.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted insofar as it is based on the false premise that Section 7 of the NVRA applies to applications for public assistance and disability services for applications are not made in person. DCFS's duties under the NVRA are expressly limited to in-person applications for public assistance and disability services.

## THIRD DEFENSE

The plaintiff's prayer for relief seeks an order enjoining the defendants, their agents and successors in office and all persons working in concert with them from future non-compliance with the requirements of Section 7 of the NVRA. This Court should not issue such an order because it is unnecessary. Section 7 of the NVRA is federal law, and as law-abiding citizens, Defendants DCFS and Johnson do not need to be enjoined from violating the law. Defendants DCFS and Johnson are currently in compliance with the NVRA and intend to remain in compliance with the NVRA in the future.

## FOURTH DEFENSE

The Complaint fails to state a claim against Defendant Johnson regarding events occurring prior to August 9, 2010.

## FIFTH DEFENSE

The plaintiff seeks an order from this Court which requires Defendants DCFS and Johnson to provide the Court with (1) a remedial plan or program – including appropriate reporting and monitoring requirements – designed to ensure that all eligible persons who apply for public assistance and/or disability services in Louisiana are offered the opportunity to register to vote as required by Section 7 of the NVRA, and (2) a plan for effectively publicizing the

State's remedial plan or program. This Court should not issue such an order because the National Voter Registration Act does not require any state office, which provides public assistance and/or disability services, to subject itself to a court-approved plan with reporting and monitoring requirements to ensure ongoing compliance with the requirements of Section 7 of the NVRA nor to publicize that plan.

SIXTH DEFENSE

The plaintiff seeks an order from this Court which requires Defendants DCFS and Johnson to offer voter registration opportunities to all clients who applied for public assistance or disability benefits or services at covered offices in the four years prior to the date of any final order of this Court, but who did not receive voter registration opportunities as required by the NVRA. This Court should not issue such an order because the NVRA does not require any state office, which provides public assistance and/or disability services, to identify, locate, and offer voter registration to clients who were not offered such registration in the past.

SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief may be granted insofar as it is based on the statistical data cited therein because and the data provided does not accurately measure whether or to what extent Defendants DCFS and Johnson have complied with the NVRA.

EIGTH DEFENSE

Pursuant to 42 U.S.C. § 1973gg-9(b), if plaintiff's letter of April 7, 2011, served as notice of non-compliance, defendants DCFS and Johnson informed plaintiff of the steps it had taken to address allegations outlined in the 90-day notice and no violations of Section 7 of the NVRA existed at the time the USA's complaint was filed against Defendant DCFS and Johnson.

Therefore, the allegations cited in the complaint responded to herein are moot and this matter is ripe for dismissal.

**WHEREFORE**, the Louisiana Department of Children and Family Services and Ruth Johnson, Secretary of the Louisiana Department of Children and Family Services, Defendants herein, pray for the following:

1. That this Answer to the plaintiff's complaint be deemed good and sufficient; and

2. That, after due proceedings, the plaintiff's complaint be dismissed with prejudice with all costs assessed to plaintiff.

Respectfully submitted,

/s/ Celia M. Alexander
Celia Alexander (27925)
Amy K. Colby (29802)
Eboni Townsend (30094)
Louisiana Department of Children
& Family Services
627 N. 4th St., 4th Floor (70802)
P.O. Box 1887
Baton Rouge, LA 70821
Phone: (225) 342-1125
Facsimile: (225) 342-9139
Email: amy.colby@la.gov
Celia.alexander@la.gov
ebonitownsend@la.gov

Attorneys for Defendants Louisiana Department of Children and Family Services and Ruth Johnson, Secretary of the Louisiana Department of Children and Family Services

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Answer was sent electronically or via U.S. First Class Mail, postage prepaid, to the following:

| | |
|---|---|
| John Joseph Gaupp<br>Assistant United States Attorney<br>777 Florida Street, Suite 208<br>Baton Rouge, LA 70801<br>John.gaupp@usdoj.gov | Bradley E. Heard, Trial Attorney<br>Anna M. Baldwin<br>Meredith Bell-Platts<br>T. Christian Herren, Jr.<br>Justin Weinstein-Tull<br>United States Dept. of Justice<br>Civil Rights Division<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530<br>Bradley.Heard@usdoj.gov |
| William P. Bryan<br>La. Dept. of Justice<br>P.O. Box 94005<br>Baton Rouge, LA70804<br>bryanb@ag.state.la.us | Celia R. Cangelosi<br>918 Government St.<br>P.O. Box 3036<br>Baton Rouge, LA 70821<br>celiacan@bellsouth.net |
| Douglas L. Cade<br>Stephen R. Russo<br>Kimberly L. Humbles<br>David L. McCay<br>Louisiana Department of Health and Hospitals<br>Bienville Building<br>628 N. 4th Street<br>P.O. Box 3836<br>Baton Rouge, LA 70821-3836<br>Telephone: (225)342-1115<br>Fax: (225)342-3805<br>douglas.cade@LA.GOV<br>stephen.russo@LA.GOV<br>kimberly.humbles@LA.GOV<br>david.mccay@LA.GOV | Carey T. Jones<br>8115 Vincent Road<br>P.O. Box 700<br>Denham Springs, LA 70727<br>tjones@tomjoneslaw.com |

Baton Rouge, Louisiana, this 19th day of December, 2011

/s/  Celia M. Alexander
CELIA M. ALEXANDER