# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff,<br><br>v.<br><br>**STATE OF LOUISIANA, et al.,**<br>    Defendants. | **Civil Action No.**<br> **3:11:CV-00470-JJB-DLD** |

## ORDER REGARDING PROTOCOL FOR PRODUCTION OF DOCUMENTS AND EXCHANGE OF ESI

To facilitate the exchange of documents and electronically stored information (ESI), and in accordance with Federal Rules of Civil Procedure 26(b)(1)(B) and 26(f)(3), **IT IS ORDERED** that the following procedures and format shall govern the production of documents and ESI:

**A.    Definitions**

1.    For the purposes of this Plan, "Parties" shall mean the United States of America; the State of Louisiana; J. Thomas Schedler, in his official capacity as Louisiana Secretary of State; Louisiana Department of Health and Hospitals; Bruce D. Greenstein, in his official capacity as Secretary of the Louisiana Department of Health and Hospitals; Louisiana Department of Children and Family Services; and Ruth Johnson, in her official capacity as Secretary of the Louisiana Department of Children and Family Services or any one of the Parties when context indicates use in the singular.

2.    "Requesting Party" refers to the Party requesting discovery.

3.    "Producing Party" refers to the Party from whom discovery has been requested.

4. "Information" shall be interpreted broadly to include writings, documents and electronically stored information as that term is used in the Federal Rules. Information includes, but is not limited to, drafts, records, files, correspondence, reports, memoranda, minutes, policy statements, position papers, investigative notes or reports, analyses, stored electronic messages, e-mail, printouts, document image files, databases, spreadsheets, software, books, ledgers, orders, worksheets, summaries, compilations, computations, drafts, jottings and notes, studies or drafts of studies or other similar such material in any way relating to the NVRA and/or voter registration. Information includes both paper documents and electronic files regardless of whether stored conventionally, on servers, hard drives, removable computer storage media such as tapes, discs and cards, or other electronic media.

For purposes of this Plan only and notwithstanding anything in the foregoing paragraph to the contrary, Information does not include tangible things other than paper documents and storage media described herein, data duplicated in any electronic backup system, voicemail messages, instant messages sent on any service, text messages, electronic mail sent to or from a smartphone or cell phone, call logs, deleted computer files, temporary or cache files, and/or server, system or network logs.

5. "Draft," regardless of whether in an electronic or hard copy form, shall mean a preliminary version of a document that has been shared by the author with another person (by email, print, or otherwise) or one that the author no longer intends to finalize or to share with another person. In addition, a "non-identical" document is one that shows at least one facial change such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the inclusion of tracked changes. A document

that is identical on its face to another document, but has small detectable differences in the metadata, shall be considered an identical copy.

Notwithstanding anything to the contrary contained within this Plan, "draft" shall not include documents prepared by, at the direction of, or with the assistance of counsel, the final version of which is expressly contemplated to be filed in connection with this litigation and to be used for no other ordinary business purpose (*e.g.*, briefs, court memoranda, discovery documents, declarations or affidavits, etc.). The Parties need not preserve for discovery a document before and after every change made to it, so long as "draft" documents, as defined herein, are preserved.

Likewise, the Parties need not preserve for discovery any "draft" documents exchanged solely among counsel and/or individuals working directly on behalf of counsel in connection with this litigation (*e.g.*, paralegals, litigation support staff, secretaries, etc.), or exchanged solely between counsel and the individual client of counsel or the respective agency head or similar senior executive-level representative of an entity client. However, "draft" documents prepared by, at the direction of, or with the assistance of counsel that relate in any way to the Parties' administration or exercise of its responsibilities under Section 7 of the NVRA and/or the issue of document preservation, retention, and/or destruction as it relates to this litigation must be preserved.

6. "Potentially Relevant Information" shall mean Information that is discoverable in this action pursuant to the Federal Rules, as well as any Information that would be discoverable but for the application of a privilege or other protections against disclosure.

7. "Native File Format" or "Native Form" shall mean the form in which Information is maintained by a Party in the ordinary course of business.

**B.    Preservation of Information**

1.    Except as expressly set forth in this Plan, the Parties shall take reasonable steps to preserve all presently existing Potentially Relevant Information that is in their possession, custody or control on the date of this Plan is entered, or that comes into its possession, custody or control after the date of this Plan is entered. With respect to Potentially Relevant Documents, the Parties need only preserve one copy of each potentially relevant non-identical document, but shall retain any existing information related to the custodians of any duplicates that are not preserved for production.

2.    Potentially Relevant Information and/or Potentially Relevant Documents include, but are not limited to, all records, including electronic and/or paper applicant and client database records, scanned image files, and/or any other electronically stored records, that track:

a.    An individual's responses to the voter registration declaration/preference questions concerning registration to vote.

b.    The dates on which individuals applied for public assistance benefits or disability services (regardless of whether such application was made in person or by telephone, computer, mail, or any other means);

c.    The dates on which individuals engaged in recertification or renewal transactions with the agency (regardless of whether such transactions were conducted in person or by telephone, computer, mail, or any other means);

d.    The dates on which individuals changed their home address in connection with public assistance or disability services benefits transactions (regardless

of whether such changes were made in person or by telephone, computer, mail, or any other means);

　　　　e.　　All historical and current home address information relating to individuals who applied for or received public assistance or disability service benefits, including the date range for which the address was the individual's current address;

　　　　f.　　All voter registration applications and voter registration updates completed by individuals in connection with any individual's application for, recertification or redetermination of eligibility for, or change of address with respect to public assistance or disability services benefits (regardless of whether such applications were completed, accepted, or transmitted in person or by telephone, computer, mail, or any other means), and any associated ESI relating to such voter registration applications and voter registration updates;

　　　　g.　　The dates on which individuals registered to vote and/or updated their voter registration and the method by which the individual submitted the application or update (e.g., through a local registrar of voters, by mail, through a driver's license agency, or through a voter registration agency designated pursuant to Section 7 of the NVRA);

　　　　h.　　All historical and current home address information relating to individuals who were registered to vote in Louisiana at any time from January 1, 2007, through the present, including the date range for which the address was the individual's current address.

　　3.　　If an applicant or client database both tracks and continuously records any NVRA transaction data listed above, then backup tapes or copies of such databases that are routinely purged or overwritten need not be preserved. However, if any of the above-

listed historical data is tracked but is routinely overwritten in an applicant or client database, with respect to those specific databases, all electronic backup copies as of the date of the Plan shall be preserved.

    4.    The Parties will not seek discovery of items that need not be preserved pursuant to the terms of this Plan. If any discovery request is susceptible of a construction which calls for the production of items that need not be preserved pursuant to the terms this Plan, such items need not be provided or identified on a privilege log.

    5.    By preserving Information for the purpose of this litigation, the Parties are not conceding that such material is discoverable, nor are they waiving any claim of privilege, confidentiality or other protection against disclosure. Nothing in this Plan shall alter the obligations of the Parties to provide a privilege log for material withheld under a claim of privilege.

**C.**    **Methods and Formats of Production**

    1.    Documents and ESI shall be produced in Native File Format unless the Requesting Party requests production in a specified format or form, in which case the Requesting Party shall pay the cost or expense associated with the production in the specified form or format. The Producing Party shall have no obligation to produce the requested Information until such cost or expense is paid. In the event of a dispute as to the reasonableness of the cost or expense, the Parties shall meet and confer in good faith, and if an agreement cannot be reached, the matter shall be presented to the court for resolution.

    2.    Each Party will label or number each document or item of information produced in response to a discovery request with a unique document number in the format

Case 3:11-cv-00470-JJB-RLB   Document 73   03/07/12   Page 6 of 9

"XXX _ #######" where "XXX" represents the short character abbreviation for the producing party, and "#######" represents the seven-digit sequential number of the document being produced by that party. Documents produced by the parties shall be abbreviated as follows: United States = USA; State of Louisiana = LA; Schedler or Office of Secretary of State = SOS; Greenstein or Department of Health and Hospitals = DHH; Johnson or Department of Children and Family Services = DCFS. (Thus, for example, the first document produced by the United States should be labeled "USA_0000001".)

3. To the extent any party needs to produce a partially redacted document in order to preserve a claim of privilege, such document shall be produced in native file format with the redacted portions clearly shown on the document. In the event that the document is determined, by agreement or court order, not to be privileged, such document shall be reproduced in native file format with the identical document number.

4. The Parties will meet and confer in good faith concerning production of other ESI not described above, including databases, call logging and call recording systems, videos, etc.

5. The Parties will meet and confer in good faith to identify mutually agreeable search terms for email messages and other electronically stored information to the extent such messages and/or ESI are searchable; however, this plan to meet and confer does not obligate any Party to agree to perform an electronic search.

6. Except as specifically provided in this Plan or any subsequent Stipulation or Order entered in this case, the Parties' statutory and legal obligations to preserve Information in connection with this case or for any other purposes remain unchanged.

7. Before filing any motion with the Court regarding the Production of Potentially Relevant Information, the Parties will meet and confer in a good faith attempt to resolve such disputes.

**D.** **Protection of Privileges**

1. This Plan invokes the protections afforded by the Federal Rules, and each Party shall examine the files containing documents to be produced and shall screen documents for privilege. Such examination shall be performed with due regard for the likelihood that the files contain privileged documents, but may rely on sampling or electronic searching.

2. If a Producing Party determines that it has produced Information upon which it wishes to make a claim of privilege, the Producing Party shall within 14 days give all counsel of record notice of the claim of privilege. The notice shall identify the subject of the claimed privilege, whether document or ESI, and the date of production. If the Producing Party claims that only a portion of the Information is privileged, the Producing Party shall provide, along with the notice of the claim of privilege, a new copy of the Information with the allegedly privileged portions redacted.

3. A Receiving Party is under a good-faith obligation to notify the Producing Party upon identification of a document which appears on its face or in light of facts known to the Receiving Party to be potentially privileged. Such notification shall not waive the Receiving Party's ability to subsequently challenge any assertion of privilege with respect to the identified Information. The Receiving Party shall provide notice to the Producing Party within five (5) business days of the production of potentially privileged Information.

4. Upon receiving notice of a claim of privilege on a produced document, the Receiving Party must, in accordance with the Federal Rules, promptly sequester the specified information and any copies it has and may not use or disclose the information, except as provided by the Federal Rules, until the claim is resolved. If the Receiving Party disclosed the information before discovering the potential claim of privilege, it must take reasonable steps to prevent further use of such information until the claim is resolved. The Parties will follow the procedure described in the Federal Rules for documents produced in this litigation regardless of whether the Producing Party asserts its claim of privilege during or after this litigation.

5. Pursuant to the Federal Rules, the disclosure of privileged information or documents in discovery conducted in this litigation consistent with the terms of this Plan shall not waive the claim of privilege or protection in any other proceeding.

**E.** **Destruction of Information after Final Judgment**

All Information, whether documents or ESI, received by a Party from any other Party in the course of the litigation shall be destroyed and/or permanently deleted from electronic storage within ninety (90) days after a final judgment in the litigation, and no copy or reproduction of Information in any form may be retained, unless the court orders otherwise.

Signed in Baton Rouge, Louisiana, on March 7, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

Page 9 of 9

Case 3:11-cv-00470-JJB-RLB   Document 73   03/07/12   Page 9 of 9