IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. STATE OF LOUISIANA, *et al., Defendants.* | CIVIL ACTION NO. 3:11-CV-00470-JJB-DLD |

**UNITED STATES' RESPONSE BRIEF IN OPPOSITION TO THE
DHH DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff, UNITED STATES OF AMERICA, files this response brief in opposition to the motion for entry of a protective order filed by Defendants Louisiana Department of Health and Hospitals and its Secretary, Bruce D. Greenstein (collectively "DHH"). ECF No. 77. On January 14, 2012, the United States served 32 interrogatories on DHH, well below the Court-mandated 40 interrogatory limit. *See* Order of Dec. 20, 2011 at 2, ECF. No 63. On March 20, 2012, DHH filed its motion for protective order and refused to respond to any of the United States' interrogatories. ECF No. 77. Despite DHH's contentions, each of these interrogatories complies with the Federal Rules of Civil Procedure; none contains discrete subparts. Each challenged interrogatory seeks to discover relevant DHH policies, practices, and procedures that go to the heart of DHH's compliance with Section 7 of the National Voter Registration Act of 1993 ("NVRA"). This Court should therefore deny DHH's motion for entry of a protective order and order DHH to provide full and complete responses to the United States' interrogatories, without further objection, within fourteen days of the Court's order resolving this motion.

**INTRODUCTION AND BACKGROUND**

On December 20, 2011, this Court entered a discovery order permitting the United States to issue 40 interrogatories to "each interested entity." Order of Dec. 20, 2011 at 2, ECF. No 63. For the purposes of that order, there are four interested entities in this case: (1) the State of Louisiana; (2) the Louisiana Department of Health and Hospitals and Secretary Bruce D. Greenstein; (3) the Louisiana Department of Children and Family Services and Secretary Ruth Johnson; and (4) Louisiana Secretary of State J. Thomas Schedler.

Pursuant to that Order, the United States served 32 interrogatories on DHH on January 14, 2012. Plaintiff's First Set of Interrogatories to Defendants Louisiana Department of Health and Hospitals and Bruce D. Greenstein, Jan. 14, 2012, ECF. 77-4 [hereinafter United States' First Interrogatories]. Each interrogatory seeks to discover important and relevant facts about DHH's past and present compliance, as an agency or "interested entity," with Section 7 of the NVRA. *See* Fed. R. Civ. P. 26(b)(1), 33(a)(2). A brief description of the interrogatories challenged by DHH follows.

Interrogatories 1, 3, 4, 5, 6, 10, 20, and 31 seek to discover, with regards to each public assistance or disability services program administered by DHH, information on: practices, policies, and procedures relating to initial applications for services, recertifications and renewal applications for services, and changes of address; provision, retention, and tracking of voter registration and declaration/preference forms; office reporting structures; and document retention policies. Interrogatories 7, 9, and 11 seek to discover, with regards to each of DHH's designated voter registration agencies, information on: practices, policies, and procedures relating to ordering voter registration supplies; administering and ensuring Section 7 compliance; and staff training. Interrogatories 22, 23, 24, 25, 26, 26, 28, and 29 all seek to discover distinct pieces of information regarding each client and/or applicant database for public assistance or disability

services programs administered by DHH. All interrogatories seek to discover information for the one distinct time period of 2007 to the present.

## ARGUMENT AND CITATION OF AUTHORITY

DHH contends that the United States' First Set of Interrogatories exceeds the number of interrogatories granted the United States by this Court. DHH's argument fails, however, because the United States' interrogatories comply fully with the Federal Rules of Civil Procedure, the discovery order entered in this case, and also Magistrate Judge Wilkinson's order in the private-party action brought against DHH Secretary Greenstein and other state defendants under Section 7 of the NVRA, *Ferrand v. Schedler*, No. 11-926, 2011 U.S. Dist. LEXIS 82906 (E.D. La. July 21, 2011), which ruled on some of the same arguments raised by DHH here.

While Fed. R. Civ. P. 33(a) states that "discrete subparts" should be counted as separate interrogatories, the United States' interrogatories to DHH do not seek information about "discrete separate subjects." *See* Advisory Committee's Notes to Fed. R. Civ. P. 33(a) (1993). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. . . . However, questions seeking information about separate subjects count as several interrogatories." *Ferrand*, 2011 U.S. Dist. LEXIS 82906, at *9-10 (citations omitted). When subparts "center on a common theme or topic," they should not be considered discrete. *Id.* at *9; *see also id.* ("[A]n interrogatory directed at eliciting details concerning a common theme should not be counted as multiple interrogatories." (quoting *New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, No. 08-60216, 2008 U.S. Dist. LEXIS 67491, at *4 (S.D. Fla. June 30, 2008))); 8B Charles A. Wright et al., Fed. Prac. & Proc. § 21681.1 (3d ed. 2011) ("[A]n interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question . . . .").

Thus, the Federal Rules of Civil Procedure do not require the United States to propound multiple separate interrogatories about NVRA compliance procedures relating to each and every DHH public assistance or disability services office or program. Indeed, one of the purposes of the interrogatory is to discover each such program or office, to the extent the United States may not already be aware of it. So long as each interrogatory focuses on a single topic, the interrogatory may request information relating to that topic for all offices or programs operated by the single "interested entity" – Defendant DHH. Each of the United States' interrogatories thus seeks information about a single "theme or topic." Interrogatory 5, for example, requests information on how declaration/preference forms are tracked at DHH offices. This inquiry is a "single question" that "ask[s] for several bits of information"—that is, information on each of DHH's Section 7 programs—"relating to the same topic," and therefore "counts as one interrogatory." *Id.* at *9.

The specious nature of DHH's method of counting the United States' interrogatories in this litigation is directly demonstrated by an order issued by Magistrate Judge Wilkinson in the *Ferrand* litigation. Magistrate Judge Wilkinson specifically explained that no discrete subparts are created by asking comprehensively about all DHH's programs at issue in the litigation. Magistrate Judge Wilkinson's rationale on this point is highly persuasive and applies equally here:

> Defendants argue that Interrogatory No. 13 has eight discrete subparts "because it asks first for a list" of each public assistance program the agency has administered ("Identify each public assistance program . . ."), followed by seven questions related to the agency's procedures for clients to apply for assistance. *Had plaintiffs phrased this interrogatory slightly differently (e.g., "For each public assistance program the agency administers, describe the procedures . . ."), it would be more obvious that identification of the program is a necessary and integral part of the remainder of the questions, not a discrete question on a different topic.* I further find that the subparagraphs labeled (a) through (f) are logically and factually subsumed in the larger question of what procedures the

> client must follow. This interrogatory therefore consists of only one question,
> bring the total to eighteen.

*Id.* at \*17-18 (emphasis added). The *Ferrand* order specifically identifies the language "For each public assistance program the agency administers, describe the procedures . . ." as illustrative of an interrogatory approach that consists not of multiple discrete questions but rather "only one question." *Id.* at \*18. That illustrative language is precisely what the United States used to craft the interrogatories at issue here.

Interrogatories 1, 3, 4, 5, 6, 10, 20, and 31 begin with the phrase "For each public assistance or disability services program that DHH administers," and proceed to request information on DHH policies, practices, and procedures related to those programs. Interrogatories 22, 23, 24, 25, 26, 26, 28, and 29 all begin with the similar phrase "For each client and/or applicant database for public assistance or disability services programs administered by DHH." Interrogatories 7, 9, and 11 request targeted policy information with regards to "each of DHH's designated voter registration agencies." These 19 interrogatories, challenged by DHH, clearly adhere to the formulation for single interrogatories set out by the *Ferrand* order.

Furthermore, the United States has the right to seek policy information by party or department rather than by office, agency, or program. By asking about all DHH offices and programs that have NVRA responsibilities, the breadth of each of the United States' interrogatories is precisely tailored to the scope of DHH's NVRA responsibilities. That DHH oversees a number of programs that are subject to Section 7's requirements should not limit the United States' ability to discover relevant policy information that implicates DHH's liability as an "interested entity." An interrogatory that seeks to discover all applicable DHH policies or

practices on a single topic should not be construed to contain discrete subparts simply because DHH administers multiple programs subject to the requirements of NVRA Section 7.

DHH's own citation to the *Ferrand* opinion is misplaced. DHH cites that opinion's holding that an interrogatory that requests information over three defined time periods counts as three interrogatories. *Ferrand*, 2011 U.S. Dist. LEXIS 82906, at *4-6. That holding has no applicability to the United States' First Interrogatories because the United States' interrogatories cover only the time period from 2007 to the present.

DHH also incorrectly contends that two of the United States' interrogatories which contain multiple parts, numbers 1 and 28, should count as multiple interrogatories. However, "if the subparts are [logically or factually] 'subsumed within' or 'necessarily related to' the 'primary question,' they should be counted as one interrogatory rather than as multiple interrogatories." *Id.* (citations omitted); *see Estate of Manship v. United States*, 232 F.R.D. 552, 557 (M.D. La. 2005) (sub-questions that "seek 'who, what, when, where and how' information which relates to the common theme presented in the" interrogatory are not discrete subparts). The subparts of both interrogatories 1 and 28 clearly describe the "who, what, when, where and how" of the information requested in those interrogatories and do not stand alone as their own independent inquiries. The subparts of those interrogatories are therefore "subsumed within" the primary questions and should be counted as single interrogatories.

Each challenged interrogatory in the United States' First Interrogatories seeks to discover a policy, practice, or procedure of DHH that is highly relevant to DHH's compliance with Section 7 of the NVRA. The interrogatories comply with the Federal Rules of Civil Procedure and the *Ferrand* discovery order. Each interrogatory seeks to discover information about a single topic and therefore should not be construed to contain discrete subparts. The total number

of interrogatories propounded by the United States is thus 32—below the 40 interrogatory limit—and therefore this Court should deny DHH's motion for protective order.

## IN THE ALTERNATIVE:
## MOTION FOR ADDITIONAL INTERROGATORIES

If this Court were to agree with DHH that the United States has exceeded its allotment of interrogatories, the United States moves in the alternative for leave to propound sufficient additional interrogatories to cover its First Set of Interrogatories, and to shorten DHH's time for responding to fourteen days from the date of the Court's ruling on DHH's motion for protective order and/or the United States' motion in the alternative.  DHH administers multiple offices and programs subject to Section 7's requirements.  All of the information requested in the United States' First Interrogatories is relevant to Defendants' compliance with the NVRA and crucial to the United States' case against DHH.  Furthermore, the First Set of Interrogatories requests information that the United States is entitled to as the congressionally designated enforcement agency for the NVRA.  *See* 42 U.S.C. § 1973gg-9(a).

As the District Judge in this case noted, "[l]est the defendants forget, the Attorney General is affirmatively empowered by federal law to 'bring a civil action in an appropriate district court for such declaratory or injunctive relief as is necessary to carry out this Act.'" Order of March 9, 2012, ECF No. 74, at 6 (quoting 42 U.S.C. § 1973gg-9(a)).  And as with the protective order issued by this Court, ECF No. 61, not permitting the United States to discover the necessary and relevant information sought by its First Set of Interrogatories "would effectively defeat the United States' enforcement of NVRA." *Id.*

In addition, this Court should order DHH to respond fully to the United States' First Interrogatories within fourteen days from this Court's ruling.  DHH has had months to respond to these interrogatories.  The United States served the interrogatories on January 14, 2012.  DHH

requested and the United States granted an extension on DHH's responses until March 15, 2012. As early as February 14, 2012, counsel for DHH informed counsel for the United States that they were meeting with DHH client representatives to prepare responses to the United States' interrogatories. This Court then effectively granted another extension when it determined, at the status conference of March 8, 2012, that responses to all outstanding discovery requests were due within 30 days. In short, DHH has had nearly three months to respond to 32 validly-crafted interrogatories.

Therefore, should this Court agree with DHH that the United States has exceeded its allotted interrogatories, it should grant the United States' motion for leave to propound additional interrogatories and to shorten Defendants' response time.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny DHH's motion for entry of protective order or, in the alternative, grant the United States' alternative motion for leave to propound sufficient additional interrogatories to cover its First Set of Interrogatories.

Respectfully submitted this 10th day of April, 2012.

| | |
|---|---|
| DONALD J. CAZAYOUX, JR.<br>United States Attorney<br>Middle District of Louisiana | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division |
| **s/ John J. Gaupp**<br>JOHN J. GAUPP, LBN 14976<br>Assistant United States Attorney<br>777 Florida Street, Suite 208<br>Baton Rouge, Louisiana 70801<br>Telephone:    (225) 389-0443<br>Fax:             (225) 389-0685<br>E-mail:         john.gaupp@usdoj.gov | **s/ Justin Weinstein-Tull**<br>T. CHRISTIAN HERREN, JR.<br>MEREDITH BELL-PLATTS<br>BRADLEY E. HEARD, Trial Attorney<br>ANNA M. BALDWIN<br>JUSTIN WEINSTEIN-TULL<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone:    (202) 353-0319<br>Facsimile:    (202) 307-3961<br>E-mail: Justin.Weinstein-Tull@usdoj.gov |

## CERTIFICATE OF SERVICE

This certifies that I have this day filed the **United States' Response Brief in Opposition to the DHH Defendants' Motion for Entry of a Protective Order** electronically using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record through the Court's electronic filing system.

This 10th day of April, 2012.

                                                         **s/ Justin Weinstein-Tull**
                                                        JUSTIN WEINSTEIN-TULL
                                                        Civil Rights Division
                                                        U.S. Department of Justice
                                                        Voting Section - NWB
                                                        950 Pennsylvania Avenue, N.W.
                                                        Washington, D.C. 20530
                                                        Telephone:     (202) 353-0319
                                                        Facsimile:      (202) 307-3961
                                                        E-mail:Justin.Weinstein-Tull@usdoj.gov