UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

                                        CIVIL ACTION

VERSUS

                                        NO.   11-00470-JJB

STATE OF LOUISIANA, ET AL.

### RULING ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

Defendants J. Thomas Schedler ("Schedler") (Doc. 128), Louisiana Department of Children and Family Services and Ruth Johnson (collectively "DCFS") (Doc. 131), and Louisiana Department of Health and Hospitals and Bruce D. Greenstein (collectively "DHH") (Doc. 130) have taken appeals from Magistrate Dalby's order (Doc. 127) In her order, Magistrate Judge Dalby ruled that discovery motions (Docs. 96, 98, 99, 107, 109, and 110) are moot. Plaintiff United States of America has filed oppositions. (Docs. 133 and 136). Oral argument is not necessary. Jurisdiction exists under 28 U.S.C. § 1331.

I.

This is a civil enforcement action brought by the United States against the State of Louisiana and certain agencies and officers thereof to remedy alleged violations of Section 7 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1937gg-5. NVRA requires all offices providing public assistance or state-funded disability programs to also provide voter registration opportunities.

The following timeline of relevant events and dates follow.

1

- December 20, 2011 (Docs. 61 and 63): Magistrate Judge Dalby granted Plaintiff's motion for a protective order listing what constitutes confidential information and outlined steps to protect confidential information. Magistrate Judge Dalby also dismissed Schedler's discovery plan as moot. Defendants appealed to this Court.

- March 7, 2012 (Doc. 73): Magistrate Judge Dalby signed an order regarding the procedures and format governing the production of documents and electronically stored information ("ESI"). Defendants appealed to this Court.

- March 9, 2012 (Doc. 74): This Court affirmed Magistrate Judge Dalby's discovery rulings (Docs. 61 and 63) as not being clearly erroneous or contrary to federal law.

- June 29, 2012 (Doc. 96): DHH filed a motion for a protective order regarding Plaintiff's Third Request for Production of Documents.

- July 2, 2012 (Docs. 98 and 99): Schedler filed a motion for a protective order and an evidentiary hearing regarding Plaintiff's Third Request for Production of Documents.

- July 13, 2012 (Doc. 102): This Court modified the protective order (Docs 61 & 73) and recommitted the matter to the Magistrate Judge to entry of modified orders.

Case 3:11-cv-00470-JJB-DLD   Document 145   10/26/12   Page 2 of 7

- July 23, 2012 (Doc. 107): Plaintiff filed a cross-motion to compel responses by DHH and Greenstein to the Third Request for Production of Documents.

- July 26, 2012 (Doc. 109): Plaintiff filed a motion to compel responses by DCFS and Ruth Johnson to the Third Request for Production of Documents.

- July 26, 2012 (Doc. 110): Plaintiff filed a cross-motion to compel responses by Schedler to the Third Request for Production of Documents.

- August 27, 2012 (Doc. 124): Magistrate Judge Dalby signed an order denying DHH's motion for a protection order, granting in part and denying in part plaintiff's motion to compel requests for production as to Requests Nos. 1 and 2, and ordering that a revised protective order and a revised discovery plan would be issued.

- August 27, 2012 (Docs. 125 and 126): Magistrate Judge Dalby issued a revised protective order and a revised discovery plan.

- August 27, 2012 (Doc. 127): Magistrate Judge Dalby determined that the discovery motions (Docs. 96, 98, 99, 107, and 110) were moot in light of her August 27, 2012 orders.

II.

All of the Defendants have filed an appeal arguing that the Magistrate erred in dismissing their motions for protective orders with respect to the Plaintiff's Third Request for Production of Documents as moot in her Revised

3

Protective Order and Revised Discovery Plan ("RDP"). (Docs. 128, 130, 131).

The Defendants' collective arguments are (1) Plaintiff's request is overbroad, unduly burdensome, unduly costly and irrelevant; (2) production of documents would require revealing confidential data protected under state and federal law; and (3) production of documents could compromise the integrity of internal systems. Additionally, the Defendants point to the language in the Revised Order, which provides that "[n]othing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to object to any act or action based on any grounds that may have existed prior to the entry of this Order, to object to any discovery or to contest the alleged relevance or admissibility of the materials or information produced subject to the terms of this Order." (Doc. 125, p. 3).

As a threshold matter, this Court agrees with the Magistrate's order mooting the motions with respect to any confidentiality arguments pursuant to state and federal law. The Revised Order provides:

> Confidential Information, including information ordinarily exempted from public disclosure pursuant to La. Rev. Stat. §§ 46:56, 18:154, and 18:116(F), and any other applicable state or federal confidentiality statute, may be produced within the context of this litigation and as described in this Consent Protective Order, notwithstanding any other provision of law to the contrary.

4

(Doc. 125, p. 2). Thus, any arguments about the production of data violating state and federal laws are mooted by the Revised Order. Additionally, this Court also agrees that any arguments concerning the potential for dissemination of confidential information beyond the scope of this litigation and compromising the integrity of any internal systems are mooted by the Revised Order. First, the Magistrate's protective order provides that confidential information shall not be made available to any other person outside the parties to this litigation and their staffs without "prior written consent of the individual or entity producing the information." (Doc. 125, p. 3). Additionally, the order provides that any confidential information shall be destroyed within 30 days "after the expiration of all appeal rights relating to the final judgment." (Doc. 125, p. 4). This is also provided in the RDP, ordering that all "non-public documents and information [except as otherwise required by federal law under the Records Disposal Act] shall be destroyed and/or permanently deleted from the receiving Party's electronic storage within thirty (30) days after the expiration of all appeal rights relating to the final judgment entered in this case." (Doc. 126, p. 9).

Defendants also argue that the magistrate judge committed error when she mooted DCFS and Schedler's objections that plaintiff's requests were overbroad, unduly burdensome, costly, and irrelevant based on implementation of the RDP. (Doc. 126). The Court disagrees with defendants' arguments and affirms the Magistrate's ruling.

5

First, insofar as the scope and relevancy of the requests are challenged, the RDP (Doc. 126) actually defined "potentially relevant information" to shortcut just such challenges and hopefully avoid discovery disputes. Paragraph B of the RDP clearly encompasses the information requested by plaintiff, which is well within the confines of relevance and scope, and thus the requests are neither overbroad nor irrelevant.

Second, insofar as defendants contend that the requests are nevertheless burdensome and costly, defendants are reminded that they are required to produce only that information they have, and as it is kept in the ordinary course of business (native format, which may be the database itself (raw data), or the output from the database (spreadsheets, reports, etc.)). Plaintiff is not responsible for any shortcomings, if any, in defendants' record keeping, and defendants have failed to show that the records are not reasonably accessible as kept in the ordinary course of business. Insofar as cost is concerned, the RDP included a cost-shifting provision to address just such issues. If plaintiff needs the information in a format other than the native file format, such as, for example, a specialized report that includes data from several sources, then the plaintiff was to bear those costs. In short, the defendants were required to produce only that which they have, as it is kept in the ordinary course of business, and any additional expenses to convert the data to another format are to be borne by the requesting party.

6

Third, in reviewing the RDP for purposes of this appeal, it became obvious that the defendants did not comply with other provisions (paragraphs C.1, C.4, and C.5) which required that the parties meet and confer before seeking court intervention in discovery disputes. As a practical matter, and one which is obvious in the briefing on these appeals, many of the disputes involve technical issues that go beyond legal expertise; hence the RDP requirement that the parties meet, along with their respective I.T. personnel, to determine the most efficient and cost-effective means of exchanging information before seeking court intervention. That was not done.

Accordingly, the order (Doc. 127) by Magistrate Judge Dalby dated August 27, 2012 is hereby AFFIRMED. The Court further orders that the parties certify to the court in advance of any further discovery motions that they have held such a conference. The certification shall include the issues discussed, the participants, and the outcome of such discussions.

Signed in Baton Rouge, Louisiana on October 25th, 2012.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**