UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                               **CIVIL ACTION**

**VERSUS**                                                                  **NO.: 11-470-JWD-RLB**

**STATE OF LOUISIANA, ET AL.**

**ORDER**

Before the Court is the United States' Motion to Compel Defendant [Louisiana Secretary of State J. Thomas] Schedler's Compliance with Discovery Orders and for an Extension of Time to File any Merits-Based Motions Relating to Defendant Schedler's Phase 1 Discovery Responses. (R. Doc. 202). Defendant Schedler has filed an Opposition. (R. Doc. 205).[1]

This discovery dispute concerns the format of documents produced by Defendant Schedler in a supplemental production made on December 31, 2014. The United States represents that it received 27 PDF files that did not comply with the Court's Revised Protective Order (R. Doc. 125) and the Court's Revised Order Regarding Protocol for Production of Documents and Exchange of ESI ("Revised ESI Order") (R. Doc. 126). In short, the United States claims that the supplemental production is non-compliant with these orders or the Federal Rules of Civil Procedure because (1) ESI was not produced in its native file format as required by the Revised ESI Order; (2) hard copy documents were scanned and produced in PDF files without accompanying information indicating where individual documents begin and end as maintained in the ordinary course of business; and (3) redactions were made to personal identifiers (e.g., social security numbers) rather than produced in non-redacted form and labeled

---

[1] Defendant Schedler notes that the United States failed to file a separate motion and memorandum as required by Local Rule 7.3. The court takes this opportunity to remind the parties to review and abide by Local Rule 7.3, and all other local rules, in the future.

as "CONFIDENTIAL" as required by the Revised Protective Order. (R. Doc. 202 at 3-4). In addition to requiring Defendant Schedler to provide his supplemental production in proper format, the United States requests a 30-day extension from the date it receives a compliant supplemental production of documents "to file any Rule 37 motions relating to the merits and sufficiency of Defendant Schedler's Phase 1 discovery responses." (R. Doc. 202 at 9-10).

Defendant Schedler acknowledges that that the Revised Protective Order and Revised ESI Order govern his supplemental production made on December 31, 2014. (R. Doc. 205 at 2-3). To remedy his non-compliance, Defendant Schedler represents that he will provide to the United States documents in "native format" as requested by the United States within two weeks of the filing of his Opposition. (R. Doc. 205 at 6).[2] Defendant Schedler has also provided the United States and other parties with the beginning Bates stamp number for each item produced in the supplemental production. (R. Doc. 205-1). Defendant Schedler addresses the United States' concerns regarding the redaction of personal identifiers by stating that the Revised Protective Order allows, but does not require, the production of confidential information such as personal identifiers. (R. Doc. 205 at 5). Defendant Schedler takes no specific position regarding the extension of time requested by the United States, although he concedes that reviewing the produced documents without the aid of electronic searches will take considerable time. (R. Doc. 205 at 6).

In essence, Defendant Schedler does not oppose providing his supplemental production in native format. Such a production, combined with the produced list of beginning Bates numbers for each individual document, will resolve the United States' concerns regarding the production of ESI and hard copy documents. The Court finds that the Motion does not, however, provide grounds for ordering Defendant Schedler to produced un-redacted personal identifiers. As

---
[2] Two weeks from the filing of the opposition is February 27, 2015.

pointed out by Defendant Schedler, the prior order of this Court does not require the production of personal identifiers, but instead provides for procedures regarding the production of such information. The United States has not demonstrated through its Motion that any redacted personal identifiers may contain relevant information in response to any discovery request. There is nothing before the Court to indicate why these personal identifiers are discoverable. Although *permitted* by the Revised Protective Order, the Court will not order the production of those personal identifiers.[3]

Based on the foregoing, the Court will require Defendant Schedler, through counsel, to file a certification with the Court, no later than March 4, 2015, stating that he has provided his supplemental responses in accordance with this Court's orders and the Federal Rules of Civil Procedure.

The Court will also grant the United States an additional 30 days to file any Rule 37 motion concerning Defendant Schedler's supplemental production. Other than partially extending the deadline to file a Rule 37 motion regarding the supplemental production (which is in response to "Phase 1" discovery), this Order does not stay or continue any deadlines set in place by the district judge in the December 11, 2014 Scheduling Order concerning "Phase 2" discovery. (R. Doc. 180).

**IT IS ORDERED** that the United States' Motion is **GRANTED IN PART and DENIED IN PART** as detailed in this Order.

**IT IS FURTHER ORDERED** Defendant Schedler must file a certification with the

---

[3] Defendant Schedler asserts that he is bound by "statutes, particularly La. R.S. 18:116(F) and 154 and prior court decisions to protect confidential information against disclosure." (R. Doc. 205 at 5). The Court recognizes the sensitive nature of this information, particularly in this case as it potentially pertains to a significant number of non-parties. At the same time, the production of such information is specifically addressed (and permitted) by this Court's prior order. (R. Doc. 125 at 2). The Court makes no determination regarding whether the production of un-redacted personal identifiers may in fact be required in response to particular discovery requests.

Court, no later than **March 4, 2015**, stating that he has provided his supplemental responses in accordance with the Revised Protective Order, the Revised ESI Order, and the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** United States must file any Rule 37 discovery motion concerning substantive deficiencies regarding Defendant Schedler's supplemental production no later than **April 1, 2015**.

Signed in Baton Rouge, Louisiana, on February 27, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**