# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES**<br>**OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-470-JWD-RLB** |
| **STATE OF LOUISIANA AND**<br>**LOUISIANA DEPARTMENT OF**<br>**HEALTH AND HOSPITALS, et al.** | |

## <u>ORDER</u>

Before the Court is the United States' Motion to Compel a Proper Privilege Log (R. Doc. 231) from Defendant, the Louisiana Department of Health and Hospitals (DHH). DHH filed an Opposition (R. Doc. 236) in response to the Motion, to which the U.S. filed a Reply. (R. Doc. 243).

On February 6, 2015, DHH submitted a 2,941 page privilege log (R. Doc. 231-4) in response to the United States' second Requests for Production. (R. Doc. 231 at 1). The privilege log lists email communications and their attachments, which DHH claims are protected from production by the attorney client privilege, the work product doctrine, and the joint defense/common interest privilege. (R. Doc. 231-4).

On February 23, 2015, the U.S. informed DHH that its privilege log did "not contain a sufficient amount of information for [the U.S.] or the Court to be able to make an independent privilege determination as to the applicability and validity of the asserted privilege." (R. Doc. 231-6 at 2). Specifically, the U.S. complained about the privilege log's failure to include: (1) job titles of the listed recipients, including whether any recipient was acting in the capacity of an attorney; (2) descriptions for most of the listed email's attachments; and (3) sufficiently detailed

descriptions of the communications referenced — e.g., in most cases, DHH "simply listed the subject lines of the emails in question." (R. Doc. 231-6 at 2-3). The U.S. requested a "master list of all named individuals in the privilege log," in addition to a revised privilege log that included sufficient information describing the subject matter of the various attachments and emails listed. (R. Doc. 231-6 at 3).

In response, DHH provided the United States with a "master list" of job titles for the individuals listed in its privilege log. It also informed the United States that it would be "re-visiting" its assertions of privilege over "each communication" and would provide an updated privilege log. (R. Doc. 231-8 at 1). However, DHH maintained its position that the "descriptions on the privilege log are reasonable and adequate under the law." (R. Doc. 231-8 at 1).

On April 17, 2015, DHH gave the United States an updated privilege log, which deleted "over 1500" communications and documents that DHH had included in its February 6, 2015 privilege log. (R. Doc. 243-3 at 1); (R. Doc. 243-1). The updated privilege log also included brief descriptions of the email attachments listed in the log. (R. Doc. 243 at 5 n.5); (R. Doc. 243-1).

## I.      APPLICABLE LAW

The standard for testing the adequacy of a privilege log is "whether, as to each document, the entry sets forth facts that would suffice to establish each element of the privilege or immunity that is claimed. The focus is on the specific descriptive portion of the log, and not on conclusory invocations of the privilege or work-product rule, since the burden of the party withholding documents cannot be discharged by mere conclusory assertions." *Chemtech Royalty Assocs., L.P. v. U.S.*, No. 07-405, 2009 WL 854358, at *3 (M.D. La. March 30, 2009).

Objections based on the attorney client privilege or work product doctrine "can only be sustained if they are both properly asserted and the facts supporting the privileges are established by the evidence, not merely declared by lawyer argument." *Estate of Manship v. U.S.*, 232 F.R.D. 552, 561 (M.D. La. 2005). The party claiming the privilege must "describe those documents to the best of its ability without revealing the information privileged." *Estate of Manship*, 232 F.R.D. at 561; *see also Estate of Manship v. U.S.*, 236 F.R.D. 291, 296 n.4 (M.D. La. 2006) ("A privilege log should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery."), *partially vacated on other grounds by* 237 F.R.D. 141 (M.D. La. 2006); *Haensel v. Chrysler Corp.*, No. 96-1103, 1997 WL 537687, at *4 (E.D. La. Aug. 22, 1997) (same).

## II.    DISCUSSION

After reviewing the briefing submitted by the parties and the updated privilege log submitted by DHH, the Court finds the United States' Motion to Compel must be denied without prejudice for renewal.

First, the United States broadly challenges the entire privilege log submitted by DHH, which following revision now consists of 2,302 pages of entries. (R. Doc. 243-1). While the United States suggests that each entry in the privilege log is insufficient, it only provides 13 examples of "insufficient descriptions" that apparently account for "hundreds if not thousands" of the privilege log's entries. (R. Doc. 243 at 4). There are no actual citations to these other voluminous "insufficient" entries in the Motion to Compel. Nor does the United States provide the Court with the exact number of entries it challenges, or otherwise indicate whether it considers some entries sufficient.

Instead, the United States presents a sweeping argument and then presumably asks the Court to order DHH to revise every entry of its privilege log. However, the Court does not agree with the United States' position that the entire privilege log is deficient.[1] Indeed, the United States is now aware of the identities and titles of the attorneys contained on the log, the type of communications at issue, the description of the subject matter of the particular emails and their attachments, and the date the email was sent (almost all coming after the filing of this lawsuit). (R. Doc. 243-1). The only way for the Court to grant any of the relief requested would be to review each individual entry in the 2,302 page privilege log and then determine which entries, if any, are deficient. Presumably, the United States would then determine whether to challenge the assertion of the privilege. This is an unworkable solution (as evidenced by the United States not undergoing this analysis) and calls into question the reasonableness of the scope of the discovery requests that would require such a significant log of privileged entries.

Additionally, the United States' suggestion that more detailed descriptions are needed to assess the claimed privileges is belied by their ability to substantively challenge the scope of the privileges asserted by DHH. Specifically, the United States challenges the "scope of the attorney client privilege and the work product doctrine," claiming that DHH erroneously "contends that *any* post-2013 communications written by or sent to counsel for DHH concerning Section 7 of

---

[1] For example, the following entries appear sufficient to assert either the attorney client or work product privileges: (1) Email between Defendants' counsel "Re: NVRA – DOJ – Supplemental Responses to DOJ's 2nd Request for Production" (DHHpriv001900, R. Doc. 243-1 at 398); (2) Email between outside counsel for Defendants "Re: NVRA – DOJ – Ferrand" (DHHpriv002057, R. Doc. 243-1 at 410); (3) Email between Defendants' in-house and outside counsel "Re: NVRA Litigation" (DHHpriv002061, R. Doc. 243-1 at 411); (4) Email between Defendants' in-house and outside counsel "Re: NVRA questions" (DHHpriv002220, R. Doc. 243-1 at 448); (5) Email between Defendants' outside and in-house counsel "Re: USA v. SOS, DHH, DCFS" (DHHpriv003195, R. Doc. 423 at 490); (6) Email between outside and in-house counsel "Re: USA v. SOS – supplemental discovery responses" (DHHpriv003212, R. Doc. 243-1 at 495); (7) Email between outside counsel copying in-house counsel "Re: Communications between SOS and DHH-DCFS" (DHHpriv003212, R. Doc. 243-1 at 496); (8) Email between outside counsel copying in-house counsel "Re: USA v. SOS – deficiency letter versus supplemental discovery" (DHHpriv003216, R. Doc. 243-1 at 496); (9) Email between in-house and outside counsel "Redacted - Re: USDOJ/State of La" (DHHpriv003252rlsd, R. Doc. 423-1 at 501); and (10) Email from outside counsel "Re: USA's Amicus Brief in Scott (Ferrand)" (DHHpriv003313, R. Doc. 243-1 at 515).

the NVRA are privileged on their face because they were sent at a time when DHH was subject to the permanent injunction in *Scott v. Schedler*, or because the communications concern the rules promulgated by Defendant Secretary of State Schedler following the *Scott* ruling." (R. Doc. 243 at 2). The United States' ability to challenge the applicability of the attorney client and work product privileges clearly indicates that more information is not needed for it to assess DHH's privilege log, in light of the information provided in the revised log. Instead, the arguments made by the United States go beyond the adequacy of the privilege log to challenge whether DHH can withhold these documents on the basis of the attorney client and work product privileges. For the foregoing reasons,

IT IS ORDERED that the United States' Motion to Compel is **DENIED** to the extent it seeks an order compelling DHH to produce an entirely revised Privilege Log.

Considering the more substantive arguments reached by the parties in their Memorandum (R. Docs. 231, 236, 243), and the volume of documents covered by the privilege log,

**IT IS ORDERED** that the United States may file a **renewed** Motion to Compel by Friday, **May 29, 2015**, citing up to **40 specific entries** in DHH's privilege log, which are exemplary of the entries it challenges as insufficient. Both the bates numbers and record citations should be included for each of the challenged entries — e.g., (DHHprivXXXXXX) and (R. Doc. 243-1 at X). If the United States does renew its Motion to Compel, DHH must submit copies of any identified and challenged documents to the Court for **in-camera** review by Wednesday, **June 3, 2015**.

Signed in Baton Rouge, Louisiana, on May 22, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**