UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** **OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-470-JWD-RLB** |
| **STATE OF LOUISIANA, et al.** | |

---

### ORDER GRANTING THE UNITED STATES' MOTION TO COMPEL

---

Before the Court is the United States' Motion to Compel (R. Doc. 275) the Secretary of State to comply with its ongoing duty to supplement its discovery responses under Rule 26(e). Specifically, the United States' claims that "documents related to the creation, development or issuance" of the Governor's July 8, 2015 Executive Order No. BJ-15-10 are "clearly relevant to the core issue of this case" and are directly responsive to the United States' April 30, 2012 Request for Production Nos. 1, 3, 4, 5, 6, 12, 14 and 18. (R. Doc. 275-9 at 2, 3 n.1). And because Rule 26(e) of the Federal Rules of Civil Procedure imposes an ongoing duty to supplement any discovery responses, the Secretary of State must produce these documents, regardless of the deadline for conducting phase 1 discovery.

In response, the Secretary of State raises several arguments, each of which will be addressed by the Court.

First, the Secretary argues that this Court lacks subject matter jurisdiction over the instant case. (R. Doc. 285 at 2-10). According to the Secretary, the "*Scott* decision and the agencies' response in conforming their policies and practices ended the dispute surrounding the pre-2011 practices and mooted the United States' case[,] [which] challenge[s] the same practices during

the same time period." (R. Doc. 285 at 7).  This is not a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, but a Motion to Compel filed under Rule 37.  The Secretary's arguments should be raised before the district court in a motion brought under Rule 12 or Rule 56.

Second, the Secretary suggests that the United States Motion to Compel pertaining to Requests for Production issued on April 30, 2012, during phase 1 discovery, is untimely because phase 1 discovery motions were due by May 15, 2015.  However, the Secretary ignores the fact that the United States asks the Court to order compliance with the Secretary's ongoing obligation to supplement discovery responses under Rule 26(e), as opposed to a traditional motion to compel concerning a party's initial responses to discovery.  Under Rule 26(e), parties have an ongoing obligation to continuously supplement their discovery responses.  That obligation is in no way limited by the discovery deadlines imposed by the Court's Scheduling Order pursuant to Rule 16.

Although motions related to phase 1 discovery were due by May 15, 2015, the Executive Order in question did not exist until July 8, 2015, and was not made known to the United States until July 15, 2015.  The United States then diligently pursued supplementation without the Court's involvement. When those efforts proved fruitless, the United States filed the instant Motion.  This is not a case where the United States is attempting to circumvent the Court's deadlines pertaining to phase 1 discovery under the guise of a motion pertaining to an opposing party's Rule 26 duty to supplement.  To the contrary, the United States' motion is specifically limited to the Executive Order at issue, and does not pertain to any discovery responses that could have been the subject of any motion filed in May of 2015.  For these reasons, the Court finds the Motion to Compel was timely filed.

Third, the Secretary suggests that the Motion should be dismissed because the United States failed to comply with Local Rule 37, requiring that Rule 37 motions "quote verbatim each [discovery request] to which it is addressed, followed by the verbatim response or objection."  It is true that the United States failed to "quote verbatim" Request for Production Nos. 1, 3, 4, 5, 6, 12, 14 and 18 or any responses in its Motion.  However, the Secretary ignores the fact that it refused to address whether there are any responsive documents to these requests that might fall within its duty to supplement.  This refusal by the Secretary prevents the Court from determining the sufficiency of any relevant responses, as none exist.  Moreover, all of the parties agree that any documents at issue that might fall within the Secretary's duty to supplement would not have existed at the time the Secretary served its responses to these 2012 discovery requests.  Therefore, those responses would have no value to the Court in deciding whether subsequent documents are responsive and must be produced under Rule 26(e).  The United States is still advised of its need to comply with this Court's Local Rules in the future, as are all parties.  Nonetheless, its current error does not warrant denial of its Motion.

Next, the Secretary claims that the Executive Order issued on July 8, 2015 cannot be responsive to the United States' April 30, 2012 discovery requests because those requests were "self-limiting." (R. Doc. 285 at 13).  The requests are "self-limiting," according to the Secretary, because they specify that "'all document requests concern the period of time from January 1, 2007 to the present,' the present being April 30, 2012, the date the requests were propounded." (R. Doc. 285 at 13).  The Secretary ignores, however, the paragraph above the one cited, which clearly indicates: "There requests are continuing in nature. . . . Defendant's attorneys are under a continuing duty to supplement their responses and production with documents obtained after the service of a response to these requests." (R. Doc. 275-1 at 4).  Moreover, parties often use the

term "to the present" when requesting documents in discovery and, at least in this context, the Court does not read the term as temporally limiting the United States' requests to documents only existing before April 30, 2012. *See Hall v. Missouri Highway & Transportation Commission*, 2001 WL 861739, at *1 (E.D. Mo. April 5, 2001) ("Pursuant to Federal Rule of Civil Procedure 26(e), a party has a duty to supplement prior responses to interrogatories or requests for production to include information thereafter acquired. Many interrogatories or requests for production include the language 'to the present.' However, it is assumed that the information will be supplemented up to the time of trial as is required by federal law."). Therefore, the Court rejects the position that the United States' requests are "self-limiting" such that no duty to supplement exists.

Finally, the Secretary argues that the sought after documents are irrelevant for two reasons. Repeating its previous argument, the Secretary first suggests that "supplementation is [not] required for events and documents that came into being after April 30, 2012, when the discovery was propounded." (R. Doc. 285 at 14). The Court has rejected this argument. Second, the Secretary suggests that documents relating to Executive Order BJ-15-10 are irrelevant because "the conduct and practices of the Defendants in the years preceding 2011 are undisputedly the *sole* and *only* basis for the Complaint. Current conduct and practices are undisputedly not." (R. Doc. 285 at 2) (emphasis added). Therefore, in the Secretary's mind, any documents relating to an Executive Order issued on July 8, 2015, "more than four years after suit was filed . . . are hardly relevant for purposes of determining conduct that occurred in 2011." (R. Doc. 285 at 15).

The Secretary offers an argument identical to one that has already been rejected by the Court in connection with a Motion to Dismiss filed by the other agency-Defendants. (R. Doc.

53).  In his Order, the district judge found the Complaint was not limited to past conduct occurring before 2011. (R. Doc. 53 at 4).  Instead, the "key allegations of the Complaint indicate continuous violation by the State. The State's argument that the allegations only concern past conduct is therefore meritless." (R. Doc. 253 at 4).  That finding is likewise consistent with the United States' request for prospective, as opposed to *retrospective*, relief. (R. Doc. 1).  The Court finds that because the Complaint alleges continuous violations, the fact that the Executive Order was issued in 2015 does not render the "documents related to [its] creation, development or issuance" irrelevant.  The Secretary offers no other arguments with respect to relevancy.

The United States asserts that the documents are "relevant to the core issue of this case — whether Defendants are complying with the requirements of Section 7 of the NVRA." (R. Doc. 275-9 at 3).  Moreover, the United States points out that the Secretary "relies on the existence of the Executive Order to argue that the SOS is in full compliance with Section 7." (R. Doc. 275-9 at 4).  And because the Secretary "has specifically invoked the Executive Order as a defense against [this] suit," the United States argues, the Secretary "cannot credibly claim that documents pertaining to the Executive Order are not relevant to a claim or defense in this matter." (R. Doc. 275-9 at 4).  The Court agrees.

Finally, the Secretary does not argue that no responsive documents exist.  Based on the outstanding discovery requests and contents of the Executive Order, as well as the Secretary's apparent intent to rely on that Order in its defense, the United States is proper in seeking some assurance that the defendants comply with any obligations under Rule 26(e).

For the reasons given above, **IT IS ORDERED** that the United States' Motion to Compel is **GRANTED**.  Pursuant to Rule 26(e), the Secretary must **supplement** its responses to the United States' Request for Production Nos. 1, 3, 4, 5, 6, 12, 14 and 18 with any documents in

its possession, custody or control that were not previously provided and are responsive to those discovery requests. The Secretary is specifically ordered to consider documents related to the creation, development and issuance of Executive Order BJ-15-10. Any such supplemental responses shall be provided on or before **October 2, 2015**. The Secretary is hereby on notice of its continuing duty to supplement any outstanding discovery responses as set forth above.

Signed in Baton Rouge, Louisiana, on September 21, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**