UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** <br> **OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-470-JWD-RLB** |
| **STATE OF LOUISIANA, et al.** | |

## ORDER

Before the court is Louisiana Secretary of State Thomas Schedler's ("Schedler") Motion to Quash and/or for a Protective Order (R. Doc. 292) filed on October 14, 2015. Schedler seeks an order precluding certain non-party depositions from taking place on the weeks of November 2 or November 9, 2015. The United States of America ("United States") filed an Opposition (R. Doc. 300) on October 19, 2015.

The United States originally noticed five non-party depositions to take place on October 13, 14, and 28, 2015, respectively to be held in Baton Rouge, New Orleans, and Shreveport. (R. Doc. 292-6). On September 20, 2015, the United States asked the defendants if they had any known conflicts that may arise during the weeks of October 26 and November 2 for the purpose of rescheduling these depositions. (R. Doc. 292-6). Schedler's counsel responded that they were not available for the week of November 2 or November 9, "as those are the weeks for election contest suits from the October election to be tried and appealed," further providing that at least one counsel would be available on any day during the weeks of October 12, October 19, or October 26. (R. Doc. 292-8 at 1).

On October 6, 2015, the United States' counsel informed defense counsel that they had rescheduled two of the five depositions to take place on November 2, 2015 in Baton Rouge, Louisiana. (R. Doc. 292-9).

On October 8, 2015, Schedler's counsel reminded the United States' counsel that they were not available for the week of November 2 or November 9, and offered the week of November 16, 2015, for the rescheduling of these depositions. (R. Doc. 292-12).

On October 9, 2015, the United States noticed three additional depositions to take place on November 9, 2015 (Shreveport) and November 13 (New Orleans). (R. Doc. 292-14). Schedler's counsel again made it clear that they were unavailable for the weeks of November 2 or November 9, 2015. (R. Doc. 292-16).

A party may move for a protective order to prevent any "annoyance, embarrassment, oppression, or undue burden or expense" associated with discovery. Fed. R. Civ. P. 26(c)(1). If the movant shows good cause, the court may preclude the discovery, limit its scope to certain areas of inquiry, or otherwise tailor the discovery to protect the movant. Fed. R. Civ. P. 26(c)(1)(A)-(H).

Through the instant motion, Schedler seeks a protective order preventing depositions from taking place on dates when his counsel in this action are unavailable to participate, namely the weeks of November 2 and 9, 2015. (R. Doc. 292 at 6). Having considered the arguments of both parties, the court finds that Schedler has established good cause for the requested protective order. In particular, the court finds that Schedler has established that his counsel in this action will be preoccupied with election contest suits to be filed the week after the Louisiana statewide

election is held on October 24, 2015. (R. Doc. 292-1 at 7-9).[1] Schedler represents that on November 2, 2015, his counsel in this action are "scheduled to be at the office of the Secretary of State, receiving the suits as filed, gathering documents and materials to respond to and defend each suit, and preparing exceptions to the pleadings, motions, answers and memoranda." (R. Doc. 292-1 at 8). Schedler represents that the appeals process may continue through the week of November 16, 2015, but that only one of his counsel in this action will be needed during that week. (R. Doc. 292-1 at 8). Schedler further represents that he has only three in-house counsel, and the services and experience of his counsel in the instant action are required to handle any election contest suits. (R. Doc. 292-1 at 9); (R. Doc. 292-2).

Based on the foregoing, the court finds good cause for precluding these depositions from taking place on the currently scheduled dates and for any depositions to take place on the weeks of November 2 or November 9.

**IT IS ORDERED** that Schedler's Motion (R. Doc. 292) is **GRANTED in part and DENIED in part**. The motion is granted to the extent it seeks issuance of a protective order precluding depositions in this action from occurring on the weeks of November 2, 2015 or November 9, 2015. The court does not reach the issue of whether the subpoenas should be quashed in their entirety.

**IT IS FURTHER ORDERED** that the United States shall reschedule the depositions set to take place on November 2, 9, and 13. Fact discovery closes on December 31, 2015, which should provide the United States sufficient time to reschedule these depositions within the existing deadlines. If additional time is needed to conduct any of the **five depositions at issue in this Order**, the United States may seek leave for a brief extension of the court's discovery

---

[1] The Louisiana Secretary of State is a required party in each election contest suit. La. R.S. § 18:1402(C). Election contest suits involving any election involving election to office must be filed by 4:30 p.m. on the ninth day after the election, which is November 2, 2015. *See* La. R.S. § 18:1405(B).

3

deadline to complete these depositions.  Any such motion shall outline the efforts made by the United States to schedule these depositions within the current scheduling deadlines.

Signed in Baton Rouge, Louisiana, on October 21, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**