UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-470-JWD-RLB** |
| **STATE OF LOUISIANA, et al.** | |

# ORDER

Before the Court is a Motion to Compel filed against the United States by Defendant, J. Thomas Schedler (Schedler). (R. Doc. 301).  The United States filed an Opposition (R. Doc. 307), to which Schedler filed a Reply Memorandum. (R. Doc. 323).  Schedler seeks an order compelling the United States to fully respond to Interrogatory Nos. 4, 5 and 6 of Schedler's Second Set of Interrogatories, or otherwise supplement its responses to Interrogatory Nos. 2, 3 and 4 of Schedler's First Set of Interrogatories. (R. Doc. 301 at 1).  Having considered the arguments and reviewed the record, the Motion to Compel is **GRANTED in part** and **DENIED in part**.

On September 19, 2011, Schedler propounded his First Set of Interrogatories to the United States (R. Doc. 201-2).  Relevant here, Interrogatory Nos. 2, 3 and 4 requested the following information:

> **Interrogatory No. 2**
> Please describe each and every act by the Secretary of State that you contend either violated or constituted a failure to act under the NVRA, and provide the following information with reference thereto:

  a. When each act occurred;
  b. Where each act occurred;
  c. Who was involved in the commission each such act(s); [and]
  d. How each such act affected the requirements of the NVRA.

**Interrogatory No. 3**
Please describe each and every omission by the Secretary of State that you contend either violated or constituted a failure to act under the NVRA.

**Interrogatory No. 4**
Please describe precisely and in detail in what way the Secretary of State failed in its responsibilities under the NVRA.

(Def.'s First Set of Interrogs., R. Doc. 201-2 at 1-2).

The United States initially responded to Schedler's Interrogatories on October 24, 2011.

(R. Doc. 201-3). After Schedler lodged complaints over the Responses to Interrogatory Nos. 2,

3, and 4, the United States supplemented its Responses[1] on January 2, 2015:

> . . . . Through his and his predecessor's official acts and omissions both prior to and after the commencement of this litigation and the private-party litigation in the Eastern District of Louisiana (*Scott v. Schedler*, No. 2:11-cv-926), the Secretary of State has generally violated the NVRA by, among other things:
>
> 1. Failing to adequately monitor NVRA compliance in public assistance and disability services offices in Louisiana.
>
> 2. Failing to adequately train and instruct public assistance and disability services offices to offer voter registration opportunities to their clients as required by Section 7 of the NVRA.
>
> 3. Failing to maintain an accurate and current list of all Voter Registration Agencies that are or should be designated pursuant to Section 7 of the NVRA.
>
> 4. Failing to designate as Voter Registration Agencies all offices in the state that provide public assistance or state-funded disability services, including but not limited to the Office of Aging and Adult Services.

---

[1] This amended and supplemental response formally responds to Interrogatory No. 2. In its initial responses, the United States' responses to Interrogatory Nos. 3 and 4 reference and incorporate the initial response to Interrogatory No. 2. (R. Doc. 201-3 at 7). Accordingly, this amended and supplemental response to Interrogatory No. 2 also serves as the amended and supplemental response to Interrogatory Nos. 3 and 4.

5. Failing to adequately coordinate state responsibilities in the role as chief state election official designated under the NVRA.

Many of the facts which evidence Defendant Schedler's and his predecessors' noncompliance with the NVRA prior to the judgment in *Scott* are within Defendants' possession, custody, and control and/or have been produced during the course of discovery in this litigation and the *Scott* litigation. . . . .

. . . . After the *Scott* trial court adjudged Defendant Schedler liable under Section 7 . . . Defendant Schedler promulgated new regulations . . . .Thus far, despite the United States' specific written requests for him to do so, Secretary Schedler has not supplemented his discovery responses to provide . . . information regarding his office's and the other Defendants' current compliance with the NVRA. . . .

Thus, based on the evidence currently in its possession, the United States believes that, beyond the acts and omissions described above, Defendant Schedler's present acts and omissions continue to violate Section 7 of the NVRA by, among other things:

1. Continuing to disavow his coordination responsibilities under Section 10 of the NVRA to include an obligation to ensure that voter registration opportunities are provided with all qualifying public assistance and disability services transactions, including remote transactions;

2. Failing to provide adequate guidance to mandatory voter registration agencies with respect to marking the completed Louisiana mail voter registration application typically distributed to agency clients and applicants (Form LR-1M) as agency-processed applications, rather than mail-in applications, prior to sending them to the appropriate registrar of voters;

3. Failing to provide adequate guidance regarding the responsibility of mandatory voter registration agencies to offer in-person voter registration services to any individual adult citizen present in the office, upon request, regardless of whether that person engages in a qualifying transaction with the agency. *See* 52 U.S.C. §§ 20503(a)(3)(B), 20506(a)(4);

4. Failing to adopt policies ensuring that voter registration declaration forms (including those transmitted in connection with remote transactions) are completed, returned and maintained by mandatory voter registration agencies;

5. Failing generally to ensure that mandatory voter registration agencies in the State of Louisiana are fully and consistently adhering to their responsibilities under Section 7 of the NVRA.

> The above-described acts and omissions have resulted and may continue to result in the denial of certain voter registration opportunities that the NVRA mandates Louisiana provide to its public assistance and disability services clients. The above acts and omissions have 'affected the requirements of the NVRA' insofar as they have resulted in the failure of many designated Voter Registration Agencies to comply with the requirements of Section 7 of the NVRA.

(R. Doc. 201-7 at 3-7). Unsatisfied with the level of specificity provided by the United States' Supplemental Responses, Schedler filed a Motion to Compel (R. Doc. 201) complete responses to Interrogatory Nos. 2, 3 and 4, on February 6, 2015. In its Opposition, the United States claimed that its answers were sufficient. In terms of alleged pre-*Scott* violations, the United States provided examples and argued that it complied with Rule 33(d) by citing to specific documents containing the details requested. (R. Doc. 206 at 9-11). With respect to any alleged violations occurring after the *Scott* litigation, the United States explained that it provided examples "to the best of its ability at [that] time" based on the information currently available. (R. Doc. 206 at 12). The United States qualified this portion of its response as "necessarily incomplete" because it was awaiting certain discovery responses from Defendants and certain depositions had not been taken. (R. Doc. 206 at 12).

The Court denied Schedler's Motion to Compel and found the United States' responses were sufficient. The Court noted the United States' representation that its responses were complete based on the information currently available. The Court further noted that the United States "augment[ed]" its narrative responses by referencing certain documents containing the "dates, locations, and circumstances" with respect to alleged pre-*Scott* violations. (R. Doc. 213 at 11-12). The Court further reminded the parties' of their obligation to supplement any discovery responses with newly received information under Rule 26(e).

On March 5, 2015, Schedler served the United States with his Second Set of Interrogatories. (R. Doc. 301-1 at 1-5).  At issue here, are Interrogatory Nos. 4, 5 and 6, which request the following information:

> **Interrogatory No. 4**
> For the time period beginning October 15, 2012, please describe each and every act by the Secretary of State that you contend either violated or constituted a failure to act under the NVRA, and provide the following information with reference thereto:
>
> a.  When each act occurred;
> b.  Where each act occurred;
> c.  Who was involved in the commission each such act(s); [and]
> d.  How each such act affected the requirements of the NVRA.
>
> **Interrogatory No. 5**
> For the time period beginning October 15, 2012, please describe each and every omission by the Secretary of State that you contend either violated or constituted a failure to act under the NVRA.
>
> **Interrogatory No. 6**
> For the time period beginning October 15, 2012, please describe precisely and in detail in what way the Secretary of State failed in its responsibilities under the NVRA.

(R. Doc. 301-1 at 3-4).  The United States provided responses on April 7, 2015 (R. Doc. 301-1 at 6-18), raising the following objections:

> **Response to Interrogatory No. 4**
> The United States objects to this interrogatory on the grounds that it is needlessly repetitious, duplicative, and harassing, inasmuch as it seeks information previously disclosed to Defendant Schedler in connection with his First Set of Interrogatories.  Despite the United States' repeated assurances that it had answered Defendant Schedler's First Interrogatories fully, Defendant Schedler moved to compel more complete responses on February 6, 2015.  On March 2, 2015, this Court denied Defendant Schedler's motion to compel, finding that 'the United States' supplemental and amended response is sufficient to answer Defendant Schedler's [First] Interrogatory Nos. 2, 3, and 4.'  Should the United States obtain additional information responsive to Defendant Schedler's First Interrogatories, which seek the same information as this Interrogatory, that is not otherwise disclosed in discovery, it will supplement its responses to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

> **Response to Interrogatory No. 5**
> Subject to and without waiving the foregoing objections and the general objections, the United States incorporates its response to Interrogatory No. 4 as if fully restated herein.
>
> **Response to Interrogatory No. 6**
> Subject to and without waiving the foregoing objections and the general objections, the United States incorporates its response to Interrogatory No. 4 as if fully restated herein.

(R. Doc. 301-1 at 16-17).  Unsatisfied with the United States' discovery responses, Defendant filed the instant Motion to Compel on October 21, 2015. (R. Doc. 301).  In Defendant's opinion, the United States "took repose in the Magistrate's ruling of March 2, 2015 and essentially said that it did not have to answer" Interrogatory Nos. 4, 5 and 6. (R. Doc. 301-3 at 1).  Defendant suggests that its Interrogatories seek "straightforward" information about alleged violations of the NVRA occurring after October of 2012.  He therefore argues that if the United States "has a case against Schedler, it should be able to provide the answers to these questions." (R. Doc. 301-3 at 2).

In its Opposition, the United States responds that it has "no supplemental response to make to [the new] interrogatories," given they are "the exact same three interrogatories" found sufficiently answered by the Court. (R. Doc. 307 at 1-3).  According to the United States, since the Court's March 2, 2015 Order, "Defendants and several non-parties have produced documents . . . in response the United States' discovery requests, and the United States has taken several depositions . . . ." (R. Doc. 307 at 3).  All of this evidence was either produced by or provided to Defendant.  The United States has likewise "conducted no further investigation into Defendants' liability under Section 7 of the NVRA outside of the discovery context." (R. Doc. 307 at 3).  Defendant is therefore "in full possession" and "aware of" the documents and testimony accruing after the Court's Order. (R. Doc. 307 at 6).  "[T]o the extent any of that evidence augments or

negates the United States' previous discovery responses," the United States suggests it has "no further supplementation obligation under Rule 26(e)" as the additional information has otherwise been made known to Defendant. (R. Doc. 307 at 6). The United States further objects to the "contention interrogatories" as overly broad, because they ask for each and every act or omission that the United States claims violated the NVRA.

To begin, while Rule 33 itself allows for the use of contention interrogatories, a contention interrogatory may be overly broad where it seeks "each and every" single fact upon which a party bases its case. An interrogatory may reasonably ask for the material or principal facts which support a contention. Rule 33 contemplates that a responding party may not object merely because a contention interrogatory requires the application of opinion to fact. *See Krawczyk v. City of Dallas*, 2004 WL 614842, at *5-6 (N.D. Tex. Feb. 27, 2004). To require "each and every" fact or application of law to fact, however, "would too often require a laborious, time-consuming analysis. . . . The burden to answer then outweighs the benefit to be gained." *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998).

The Court agrees with the United States that Interrogatory Nos. 4, 5 and 6 are overly broad and unduly burdensome as written, notwithstanding the fact that they are contention interrogatories. For the Court to compel the responses sought by Schedler would require the Plaintiff to lay out their entire case, including every evidentiary fact and detail. Schedler does not make any particular or specific request, but merely relies on the "each and every" fact language that his opposition contends supports its case. This goes beyond the scope of reasonable discovery.

That said, the Court does not agree that its March 2, 2015 Order (R. Doc. 213) obviates any need for the United States to provide supplemental responses to Interrogatory Nos. 2, 3 and 4

or sufficient responses to Interrogatory Nos. 4, 5 and 6.  The Court agrees with the United States that the substantive information requested in each set is identical.  The United States is also correct that the Court found its responses to Interrogatory Nos. 2, 3 and 4 to be sufficient as of March 2, 2015 (R. Doc. 213), in connection with Defendant's earlier Motion to Compel (R. Doc. 201).  However, that finding was based in part on the United States' representation that, at that time, it could not provide more detail regarding any alleged post-*Scott* violations because of outstanding discovery requests and upcoming depositions.  Indeed, the United States specifically referred to the "phased nature of the discovery plan" and the inability "to take depositions to test the Defendants' assertions." (R. Doc. 206 at 12).  The United States further characterized its earlier Interrogatory Responses as "necessarily incomplete" with respect to any alleged violations occurring after the *Scott* litigation. (R. Doc. 206 at 12).  It is now some ten months later and the United States has had the opportunity to receive discovery and take depositions.

As set forth above, the United States' previous responses and supplemental responses referred to several categories of acts and omissions that it contends violates Section 7 of the NVRA.  In connection with the previous Motion (R. Doc. 201), the United States represented to the Court that "[t]o the extent that the United States obtains additional relevant information through discovery and investigation that would be responsive to the Defendants' discovery requests, the United States will continue to supplement its discovery responses to Defendants to the extent required by Rule 26(e)." (R. Doc. 206 at 12).  It is time to make good on that representation.  To the extent any of the obtained discovery might change those previous responses, or to the extent that the United States now has any specific examples of such acts or omissions, the United States must supplement its responses.  The United States shall also identify, to the extent possible, whether any act or omission occurred on or after October 15,

2012.  It will not be sufficient to simply rely on the Court's March 2, 2015 Order or to rely on the fact that Defendant Schedler may have been present for those same depositions or received the same documents.  If the United States has no new information to provide to support the various acts or omissions specified in its earlier responses, it shall specifically indicate such to Schedler.

Therefore,

**IT IS ORDERED** that the Motion is **DENIED in part**, because Interrogatory Nos. 4, 5 and 6 are overly broad and unduly burdensome, as they seek every fact and every application of law to fact supporting the identified allegations.

Nonetheless, **IT IS ORDERED** that the Motion is **GRANTED in part**, as set forth above, as the Court finds that the United States has a duty to supplement its previous responses.  Such responses shall be provided on or before January 5, 2016.

Signed in Baton Rouge, Louisiana, on December 16, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**