UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,

              Plaintiff,

VERSUS

STATE OF LOUISIANA *ET AL.*,

              Defendants.

CIVIL ACTION

No. 3:11-00470-JWD-RLB

## **ORDER ON MOTION TO STRIKE**

A scheduling order entered on December 31, 2015, ("Order") set the deadline for the filing of dispositive motions in this proceeding as February 1, 2016. (Doc. 271.) On February 1, 2016, the United States of America ("Plaintiff" or "United States") filed the Motion for Summary Judgment. (Doc. 346.) Additional exhibits were filed on that date, (Docs. 347–49), but seven more were tendered on February 2, 2016, (Docs. 350–56). On the latter day, the United States also submitted the Notice of Filing Corrected and Inadvertently Excluded Documents Relating to Its Motion for Summary Judgment, four new exhibits appended. (Doc. 360.)

On February 8, 2016, one defendant, Mr. J. Thomas Schedler, in his capacity as Louisiana's Secretary ("Schedler" or "Defendant"), responded. In brief, he has asked this Court to strike from the record all documents filed by the United States on February 2, 2016 ("Motion to Strike"). (Doc. 362-1.) In this motion, Schedler initially concedes that Documents 346, 347, 348, and 349 were timely filed. (*Id.* at 1.) As he rightly notes, however, seven documents, (Docs. 350–56), were tendered undeniably late, (*Id.* at 2), albeit by less than thirty minutes, (Doc. 364 at 3, 5). Including four exhibits and other addenda that had been "inadvertently excluded," Document 360 was untimely too, though it was submitted less than twenty-three hours after

February 1, 2016. (Doc. 362-1 at 2; Doc. 364-1 at 4 n.2.) The Secretary has requested expedited consideration of the Motion to Strike. (Doc. 363.) The United States has, in turn, responded with its own memorandum. (Doc. 364-1.)

Federal Rule of Civil Procedure 16[1] governs pretrial orders, scheduling, and management. Per this Rule's fourth paragraph, any scheduling order issued by a court "controls the course of the action unless the court modifies it." FED. R. CIV. P. 16(d); *Bridges v. Enter. Prods. Co.*, 551 F. Supp. 2d 549, 554 (S.D. Miss. 2008). The relevant standard appears in an earlier paragraph: generally, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). In this circuit, four factors are broadly relevant to this good cause analysis: (1) the explanation for the failure to timely move for leave to amend the scheduling order; (2) the importance of the late submission; (3) potential prejudice in its excuse; and (4) the availability of a continuance to cure such prejudice. *See Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008) (internal quotation marks omitted) (summarizing the four factors in the context of allowing the late filing of a motion to amend); *see also, e.g.*, *Filgueira v. US Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (affirming that these factors apply under Rule 16(b)(4) generally). Rule 1, meanwhile, compels this Court to construe every rule so as "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. When prejudice is minimal, the delay minuscule, and the evidence ostensibly relevant, the balance between Rule 16 and Rule 1, a decision within a district court's broad discretion, must be struck in favor of a matter's just adjudication. *See, e.g.*, *Wilson v. Battelle Mem'l Inst.*, No. 11-CV-

---

[1] In this order, any and all reference to "Rules" or "Rule []" is to the Federal Rules of Civil Procedure unless otherwise noted.

05130-TOR, 2012 U.S. Dist. LEXIS 54563, at *5–6, 2012 WL 1343948, at *2 (E.D. Wash. Apr. 18, 2012) (finding "good cause" in light of an amendment's "minimal prejudice" and "the strong public policy favoring disposition of cases on the merits"); *Info-Power Int'l, Inc. v. Coldwater Tech., Inc.*, No. 3:07CV0937-P, 2008 U.S. Dist. LEXIS 107065, at *20–21, 2008 WL 5552245, at *6 (N.D. Tex. Dec. 31, 2008) (described the dilatory party's arguments as "far from compelling" but still allowing an amendment "in light of . . . [its] importance . . . and . . . [its] minimal prejudice"); *cf., e.g.*, *Garza v. Webb Cnty.*, 296 F.R.D. 511, 512 (S.D. Tex. 2014) ("[T]he federal rules should be viewed, not as isolated fragments, but as an integrated whole, and thus one rule cannot be read to circumvent another."); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 274 (9th Cir. 2009) (Kozinski, J., concurring) ("The Federal Rules aren't just a series of disconnected procedural devices. Rather, the Rules provide an integrated program of pre-trial, trial and post-trial procedures . . . ."). As court after court has maintained, such a result must surely follow when a party has been "diligent in attempting to meet the deadline[]," having "provide[d] an adequate explanation for any delay," *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (citation omitted), and the court's ability to control its docket remains unhampered, *Digennaro v. Whitehair*, 467 F. App'x 42, 44 (2d Cir. 2012). In sum, neither Rule 16 nor Rule 1 expect perfection; both demand no more—and no less—than good-faith efforts to comply with deadlines firmly set. *See, e.g.*, *Cestra v. Mylan, Inc.*, Civ. Act. No. 14-825, 2016 U.S. Dist. LEXIS 9485, at *5, 2016 WL 320826, at *2 (W.D. Pa. Jan. 27, 2016); *Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995); *cf. Millenkamp v. Davisco Foods Int'l, Inc.*, 448 F. App'x 720, 724 (9th Cir. 2011) (Korman, J., dissenting).

Applying the foregoing factors and guided by the Rules' command to secure both justice and efficiency, this Court discerns no merit in the Motion to Strike. First, the explanation provided by the United States is credible; perhaps more significantly, it suggests its untimely submission was the unfortunate byproduct of a diligent attempt to comply with this district's local rules and to upload an enormous cache of pages.[2] (Doc. 364.) Second, the voluminous exhibits, even if just briefly perused, are relevant to the dispositive motions before this Court. They provide data and evidence worthy of consideration in the interest of justice and in light of this case's weighty issues, as Defendant seemingly recognizes, (*See* Doc. 362-1 at 10–11). Third, considering the Secretary will have the time to respond the Motion for Summary Judgment and to counter any intimation raised by the late filed documents, no more than negligible prejudice appears likely to result from the Motion to Strike's denial. Indeed, the Secretary has made no such claim, instead insinuating that this failure somehow underscores the impropriety of summary judgment, (*Id.*). Fourth, to the extent the Secretary wishes time to respond to these untimely exhibits and so as to provide him with the time necessary to cure any perceived prejudice, this Court will allow him such a chance. Such an opportunity aligns more fully with Rule 1's focus on the twined virtues of justice and speed than the indiscriminate striking of relevant documents filed but minutes and hours late. Quite simply, every one of the four factors long weighed in excusing a late filing militates against the Motion to Strike, most particularly the Rules' overarching goal of winnowing issues, uncovering facts, and deciding cases on their proven merit. *See, e.g.*, *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 735 (6th Cir. 2002) ("Rule 26 must be read in light of its dual purposes of narrowing the issues and eliminating

---

[2] Considering the sheer number of pages submitted by every Party in this action in the last few years, it may have been more surprising if such a mishap had not occurred.

surprise."); *Barnes v. Dist. of Columbia*, 270 F.R.D. 21, 24 (D.D.C. 2010) ("This type of request 'can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery.'" (quoting FED. R. CIV. P. 33 advisory committee's note (1970 amend.))); *cf. Am. Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 348 (8th Cir. 2013) ("The goal of Rule 15(b) is to promote the objective of deciding cases on the merits rather than on the relative pleading skills of counsel.").

For the foregoing reasons, this Court DENIES the Secretary of State's Combined Memorandum in Opposition to United States Motion for Leave to File Corrected and Inadvertently Excluded Documents Relating to Its Motion for Summary Judgment (Doc. 361) and Secretary of State's Motion to Strike and Exclude Documents, (Doc. 362-1). As such, documents 350, 351, 352, 353, 354, 355, 356, and 360 will not be struck from this case's docket. Furthermore, Defendant will have fourteen (14) days from the date of this order to address their possible import, if necessary.

Signed in Baton Rouge, Louisiana, on <u>February 16, 2016</u>.

                              **JUDGE JOHN W. deGRAVELLES**
                              **UNITED STATES DISTRICT COURT**
                              **MIDDLE DISTRICT OF LOUISIANA**