# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**

**v.**                                          **CIVIL ACTION**

**STATE OF LOUISIANA, ET AL.**          **NO.  11-470 –JWD-RLB**

## RULING AND ORDER

This matter comes before the Court on a motion (Doc. 457) to certify ruling as final and appealable pursuant to 28 U.S.C. § 1292, filed by defendant, the J. Thomas Schedler, Louisiana Secretary of State ("SOS" or "Defendant"), concerning this Court's Order and Reasons (Doc. 456), which denied Defendant's motion for partial summary judgment (Doc. 336-5). Plaintiff, the United States of America ("Plaintiff" or "US") has filed an opposition. (Doc. 459.) Oral argument is not necessary.

## Factual and Procedural Background

Plaintiff brought this action to enforce Louisiana's obligations under the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501-20511. (Doc. 1.) Section 7 of the NVRA provides in relevant part that all offices providing public assistance or state-funded disability programs must offer their clients and applicants voter registration opportunities every time they apply for benefits or services, as well as each time they conduct renewal, recertification, or change of address transactions with respect to these services. *See* 52 U.S.C. § 20506. After extensive discovery, the parties filed various dispositive motions, including a motion filed by Defendant for partial summary judgment, which sought a ruling from this Court that Section 7(a)(6) of the NVRA does not apply to remote transactions. (*See generally* Doc. 336-5.) In a comprehensive Order and Reasons (Doc. 456), the Court denied Defendant's

motion, finding, inter alia, that Section 7(a)(6) of the NVRA "must be read to encompass remote transactions." (*Id.* at 8.)

In the present motion, Defendant requests this Court certify its July 26, 2016 ruling (Doc. 456) as final and appealable, pursuant to 28 U.S.C. § 1292(b), claiming the Order meets the criteria for certification under § 1292. (Doc. 457-1 at 1-2.) It submits the Court's Order determined a distinct legal claim regarding the interpretation of the NVRA's application to remote transactions, an issue to which the Fifth Circuit has not spoken,[1] and immediate resolution of the issue is required to promote judicial efficiency and safeguard against an erroneous ruling. (*Id.* at 2.) Plaintiff staunchly opposes the motion on several grounds. (Doc. 459.)

## Legal Standard

A district court retains jurisdiction over all claims in a suit and may alter its earlier decisions until a final judgment has been issued. *Medecor Pharma LLC v. Fleming Pharm., Inc.*, No. 12-291, 2014 WL 412353, at *1 (M.D.La. Feb. 3, 2014) (*quoting Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475 (M.D.La. 2002)). Generally, the jurisdiction of the United States Courts of Appeals is limited to the consideration of *final* decisions of the district courts. *See* 28 U.S.C. § 1291. A final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (*quoting Van Cauwenberghe v. Biard*, 486 U.S. 517, 521, 108 S.Ct. 1945, 1949, 100 L.Ed.2d 517 (1988)); *Netsphere, Inc. v. Baron*, 799 F.3d 327, 331 (5th Cir. 2015); *Martin v. Halliburton*,

---

[1] Although this question was posed to Fifth Circuit in *Scott v. Schedler*, 771 F.3d 831 (5th Cir. 2014), the court declined deciding the issue on the merits, and instead dismissed the case on jurisdictional grounds.

618 F.3d 476, 481 (5th Cir. 2010) (citing *Henry v. Lake Charles Am. Press, L.L.C.*, 556 F.3d

164, 169 (5th Cir. 2009) (*quoting Midland*)).

 Interlocutory orders, on the other hand, are those which do not terminate litigation on the

merits, and are governed by 28 U.S.C. § 1292(b),[2] which states:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.
> The Court of Appeals which would have jurisdiction of an appeal of such action
> may thereupon, in its discretion, permit an appeal to be taken from such order, if
> application is made to it within ten days after the entry of the order: *Provided,*
> *however,* That application for an appeal hereunder shall not stay proceedings in
> the district court unless the district judge or the Court of Appeals or a judge
> thereof shall so order.

(emphasis original). The district court has discretion to certify an interlocutory appeal.

*Simoneaux v. E.I. du Pont de Nemours & Co.*, No. 12-219, 2016 WL 236239 at *6 (M.D.La. Jan.

20 2016) (*quoting Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 405, n. 9, 124

S.Ct. 2576, 159 L.Ed.2d 459 (2004)). Before it does so, however, the Court must find that the

interlocutory decision (1) involves a controlling question of law as to which (2) there is a

substantial ground for difference of opinion and (3) that an immediate appeal from the order may

materially advance the ultimate termination of the litigation. *Aparicio v. Swan Lake*, 643 F.2d

---

[2] Interlocutory orders may be governed by either 28 U.S.C. § 1292 or Fed. R. Civ. Pro. 54(b). However, these
provisions govern two distinct situations.

> The former applies only to orders that would be considered interlocutory even if presented in a
> simple single-claim, two-party case. Rule 54(b) applies only to adjudications that would be final
> under Section 1291 if they occurred in an action having the same limited dimensions. Therefore, if
> an order is final under Section 1291, Section 1292(b) cannot apply and resort must be had to Rule
> 54(b) in the multiple-party or multiple-claim situation. Conversely, if an order is interlocutory,
> Rule 54(b) has no bearing on any determination that might be made under Section 1292(b).

§ 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2658.2 (3d ed. 2016)
(internal citations omitted).

1109, 1110 n. 2 (5th Cir. 1981);  *Medecor*, 2014 WL 412353 at *2 (*quoting Louisiana*

*Generating, LLC v. Illinois Union Ins. Co.*, No. 10-516, 2012 WL 1752685, at *1 (M.D.La. May

16, 2012)). The district court cannot certify an order for an interlocutory appeal unless the

movant has established all three criteria are present. *David v. Signal Intern., LLC*, 37 F.Supp.3d

836, 839 (E.D.La. 2014) (*citing Aparicio*, 643 F.2d at 1110 n. 2).

     The proponent of the interlocutory appeal bears the burden of demonstrating its necessity.

*See Clark-Dietz and Assocs-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983);

*Simoneaux*, 2016 WL 236239 at *3. "Interlocutory appeals are generally disfavored, and statutes

permitting them must be strictly construed." *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154

(5th Cir. 1997) (*quoting In re Complaint of Ingram Towing Co.*, 59 F.3d 513, 515 (5th Cir.

1995)). When ruling on whether certification is appropriate, the Court is mindful that

interlocutory appeals are "exceptional" and do not lie "simply to determine the correctness of a

judgment." *David*, 37 F.Supp.3d at 839 (*quoting Clark-Dietz*, 702 F.2d at 68-69).

## Law and Analysis

     Defendant first argues certification for an interlocutory appeal is proper because the

applicability of Section 7 to remote transactions presents a controlling question of law. (Doc.

475-1 at 4-5.) "Although the resolution of an issue need not necessarily terminate an action in

order to be controlling, it is clear that a question of law is controlling if reversal of the order

would terminate the action." *United States v. Louisiana Generating LLC*, 09-100, 2012 WL

4588437 at *1 (M.D.La. Oct. 2, 2012) (quotations omitted). However, an issue is not considered

a controlling question of law if "resolution on appeal would have little or no effect on subsequent

proceedings." *Id.* (quotations omitted). A determination of whether an issue is controlling

typically "hinges upon its potential to have some impact on the course of the litigation." *Id.* (internal quotation omitted).

Defendant claims the issue raises a controlling question of law "because it would require reversal if decided incorrectly and it would materially affect the course of the litigation." (Doc. 457-1 at 4.) However, Defendant's assertion is misguided; under this logic, virtually every erroneous ruling by a district court would be rendered a "controlling question of law" subject to interlocutory appeal. Moreover, Plaintiff correctly emphasizes that the issue of remote transactions is but one facet in this much broader litigation; many of Plaintiff's claims relate to Louisiana's compliance (or lack thereof) with Section 7 coordination activities and in-person transactions as well as the remote transactions at issue here. (*See* Doc. 459 at 4-5, n. 2.)

In a similar case, *Ferrand v. Schedler*, 11-926, 2012 WL 2087399 (E.D.La. June 8, 2012), the court denied the defendants' motion for certification of an interlocutory order as final and appealable (which, incidentally, also related to the statutory interpretation of the NVRA and whether Section 7 applies to remote transactions) because a reversal of the court's previous order would not terminate the litigation. *Ferrand*, 2012 WL 2087399 at *3. Specifically, because the plaintiffs' claims related to both in-person and remote transactions, the case had to be "litigated to a final judgment regardless of any interlocutory appeal." *Id.* Accordingly, the court found no controlling question of law, and denied the plaintiffs' motion to certify the judgment. The instant case presents an analogous situation that leads to a congruent result. The Court must resolve the claims arising out of Louisiana's alleged noncompliance with in-person transactions "regardless of any interlocutory appeal[.]" *See id.* Thus, even assuming arguendo the Fifth Circuit would reverse this Court's Order, such decision would not terminate the litigation. The issue does not present a controlling question of law.

Although Defendant's failure to demonstrate a controlling question of law could end the Court's inquiry (*see e.g., David*, 37 F.Supp.3d at 839 (movant must establish all three prongs to demonstrate entitlement to interlocutory appeal)), it will nonetheless elucidate its findings on the second and third prongs, which supports its conclusion that Defendant is not entitled to an interlocutory appeal. The second prong, which requires a showing of substantial grounds for a difference of opinion on this Court's previous ruling, further negates Defendant's entitlement to certification of the Court's Order. Disagreement by a party with a district court's judgment is insufficient to demonstrate a substantial ground for a difference of opinion. *Louisiana Generating*, 2012 WL 4588437 at *2 (*citing Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 728 (N.D. Tex. 2006)); *Ferrand*, 2012 WL 2087399 at *3 (*quoting Southern U.S. Trade Ass'n v. Unidentified Parties*, 10-1669, 2011 WL 2790182 at *2 (E.D.La. July 14, 2011)). Rather, a "substantial ground for difference of opinion 'usually only arises out of a genuine doubt as to the correct applicable legal standard relied on in the order.'" *Louisiana Generating*, 2012 WL 4588437 at *2 (*quoting Property One, Inc. v. USAgencies, L.L.C.*, 830 F.Supp.2d 170, 182-83 (M.D. La. 2011)). Moreover, a substantial difference of opinion does not arise merely by virtue of a court being the first to rule on a question of law. *Ferrand*, 2012 WL 2087399 at *3 (*citing Ryan*, 444 F.Supp.2d at 723-24)).

Defendant concedes the issue of remote transactions under Section 7 has never been addressed by a federal circuit court, and few district courts have spoken on the issue.[3] (Doc. 457-

---

[3] Despite the admitted lack of jurisprudence squarely addressing this issue, Defendant suggests *Arizona v. Inter Tribal Council of Arizona, Inc.*, __ U.S. __, 133 S.Ct. 2247, 186 L.Ed.2d 239 (2013) supports its position that Section 7 does not encompass remote transactions. (Doc. 457-1 at 6.) Defendant seemingly relies on dicta in which the Court states "[t]he Act requires each State to permit prospective voters to 'register to vote in elections for Federal office' by any of three methods: simultaneously with a driver's license application, in person, or by mail. § 1973gg-2(a)." (Doc. 457-1 at 6 (*quoting Inter Tribal Council*, 133 S.Ct. at 2251)). However, Defendant's reliance on this language is misplaced; the sole issue before the *Inter Tribal Council* Court was whether Arizona's requirement that people seeking to register to vote present proof of citizenship and also provide valid identification on Election Day violated the NVRA. The passage cited by Defendant is inapposite to the instant case. Moreover, a cursory

6

1 at 5-6.) In addition to this Court's Order (Doc. 456 at 84-87) addressing the applicability of

Section 7 to remote transactions, only two other district courts have tackled this issue. *See*

*Ferrand*, 2012 WL 1570094 at *8—*12; *Georgia State Conf. of the NAACP v. Kemp*, 841

F.Supp.2d 1320, 1329-32 (N.D. Ga. 2012). Both of these rulings are consistent with this Court's

conclusion that Section 7 encompasses remote transactions. *See Ferrand*, 2012 WL 1570094 at

*9 ("Ultimately, this Court finds that the language in Section7(a)(6)(A) is indicative of an

application to both in person transactions and remote transactions, including those via the

internet, telephone and mail.");  *Kemp*, 841 F.Supp.2d at 1329 ("At bottom, the language of

paragraph (a)(6) of Section 7 is unambiguous… There is no clear textual basis in the operative

language of Section 7 paragraph (a)(6) for the proviso found in the Georgia statute implementing

the NVRA, which limits the application of the mandatory distribution of forms to only those

instances 'when such application, recertification, renewal, or change of address is made **in**

**person**.'") (emphasis original) (citation omitted). Based on the foregoing, Defendant has failed

to establish the existence of any difference of opinion, let alone a *substantial* one.

Finally, Defendant asserts an interlocutory appeal is proper because it would materially

advance the disposition of the litigation, and it would suffer immediate harm if the certification is

not granted and the Fifth Circuit ultimately concludes the Act does not encompass remote

transactions. (Doc. 457-1 at 7.) It further submits that a definitive resolution of the issue by the

Fifth Circuit at this juncture would benefit all parties and promote judicial efficiency by assuring

the Court will apply the correct legal standard. (*Id.* at 2-3.)  It alleges it "would constitute a waste

---

reading of the cited passage leads to the exact opposite conclusion than that which Defendant proposes; that an
individual may register to vote "by any of three methods" *including by mail* indicates the Court envisioned remote
transactions under the Act, as one may logically conclude transactions conducted via mail are necessarily not in-
person transactions. *See Inter Tribal Council*, 133 S.Ct. at 2251. Defendant offers no support, in law or in fact, for
its contrary conclusion.

of time and resources if the case proceeded to trial of all agency transactions and it proved out

after appeal that only a portion of the transactions should have been tried," but this Court can

ameliorate the necessity of "undergo[ing] the expense and burdens of a trial and risk harm from

an erroneous ruling" by granting an immediate appeal. *Id.*

Again, Defendant's logic is circular and misguided; *every* erroneous ruling by a district

court has potential to harm litigants affected by the judgment, just as every erroneous ruling will

likely lead to additional expense of judicial resources to reach a just resolution. However, this

does not render every erroneous ruling subject to interlocutory appeal. Moreover, Defendant's

argument under this prong is premised on the underlying assumption that this Court's ruling is

erroneous. However, this premise is undermined by the fact that, as discussed above, there is no

difference of opinion on this issue of remote transactions under Section 7, and the few rulings

rendered on the subject are consistent with this Court's. Defendant has offered no persuasive

arguments to convince this Court the Fifth Circuit would disagree with its previous Order.

Moreover, even accepting Defendant's contention under this prong at face value, it does not

negate Defendant's failure to establish the first two prongs of the test for certification have been

satisfied.

<u>**Conclusion**</u>

After reviewing the memoranda of the parties and the applicable law, Defendant's

Motion for Certification of Ruling as Final and Appealable is **DENIED**, and the Court declines

to certify its Order denying Defendant's motion for partial summary judgment.

Signed in Baton Rouge, Louisiana, on <u>August 29, 2016</u>.

_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**